## S. AND A. LOHNIS *against* JONES.

*Where a person having a family, not being a freeholder, imprisoned under the ten pound act, produces to the sheriff or gaoler, an affidavit, conformably to the act, (sess. 32 c. 10. or 1 N. R. L. 394. sess. 36. c. 53. s. 12.) the sheriff or gaoler is bound forthwith to discharge him; and such discharge being by due course of law, no action lies on a bond given by the party for the liberties of the gaol.*

IN ERROR, on *certiorari*, from a justice's court. *Jones* sued S. and A. *Lohnis*, in *covenant* on a bond, in the penalty of 36 dollars, conditioned for the gaol liberties for *Adam Lohnis*. It appeared in evidence that A. *Lohnis* was committed to prison, under an execution, on the 15th of *June*; and on the 15th of *July* was discharged by the sheriff, upon an affidavit, made by the prisoner, conformably to the act, (sess. 32. c. 10., sess. 36. c. 53. s. 12. 1 *N. R. L.* 394.) that he had a family, was not a free-holder, and that he had been in prison more than 30 days. The justice, however, gave judgment against the defendant, for 18 dollars and 77 cents, on the ground that A. *Lohnis* had not remained in prison *more than thirty days.*

*Per Curiam.* It is admitted that the affidavit upon which the prisoner was discharged, was, in point of form, conformable to the directions of the act, (sess. 32. c. 10.) though from the evidence, it appeared that he had not been in prison more than 30 days. And the question is, whether the sheriff was bound to discharge the prisoner, upon the production of his affidavit; for if it was his duty so to do, the prisoner was discharged by due course of law, within the condition of the bond. The act appears to be imperative upon the sheriff; it declares, that " on producing and delivering such affidavit to the sheriff, or gaoler,.

of the county, where the party shall be imprisoned, such party shall be forthwith discharged from prison." The statute makes the affidavit the authority upon which the sheriff is to act, and does not leave it open to him to judge whether it is true in point of fact. That this is the construction to be given to the act is evident from the last proviso, which subjects the party to the pains and penalties of perjury for false swearing, and makes him liable again to be taken in execution, as if he had never been discharged.