<div align="center">VOSBURGH <i>against</i> WELCH.</div>

THIS was an action of trespass, tried before Mr. Justice *Van Ness*, at the *Columbia* circuit, in 1812. The declaration contained several counts, for *trespass quare clausum fregit*, *et de bonis asportatis*.

At the trial, the plaintiff's counsel, pursuant to previous notice for that purpose, called on the defendant to produce two writs of *attachment*, issued by the defendant, as justice of the peace, against the plaintiff, or that he would offer copies of them in evidence. The originals not being produced, the copies were offered by the plaintiff. The first was dated the 25th of *October*, 1811, under the hand and seal of the defendant, reciting that "whereas satisfactory proof entitling the plaintiff to a writ of attachment, according to the law in such case made and provided," &c. requiring the officer to attach the goods, &c. of the plaintiff, &c. returnable the 3d of *November*, 1811. The other writ was the same, excepting that it was dated the 28th of *October*, 1811, and was made returnable the 7th of *November*. The officer to whom the attachment was delivered, testified that he served the first writ of attachment on the plaintiff's goods, &c. on the 25th of *October*, 1811, the plaintiff being at home, at the time; and after the property was removed, he discovered that

<div class="margin-note">If a justice of the peace issues an attachment under the act, (sess. 31. c. 204. s. 21.) against the property of a person, as an absent debtor, without any proof *on oath*, before him, of absence or concealment of the debtor, he is liable as a trespasser. *Satisfactory proof*, as required by the act, means legal evidence, or such as would be received in the ordinary course of judicial proceedings. A mere return to an execution that the defendant could not be found, is not the satisfactory proof required.</div>

In an action of *trespass quare clausum*, &c. *et de bonis asportatis* brought against a justice, for issuing an attachment against the goods of the plaintiff, as an absent or absconding debtor, without legal proof of the fact of concealment, the restoration of the property attached, to the plaintiff, before suit, cannot be pleaded in bar of the action, nor *puis darrein continuance*, but it may be admitted as evidence in mitigation of damages.

this attachment, with several other writs he had to execute, were made returnable on *Sunday*, and the defendant sent word to the witness to alter the process in his hands; that the witness altered the attachment so as to make it bear date the 28th of *October*, and to be returnable on the 7th of *November*, 1811; and a copy of it was delivered to the plaintiff, who was at home.

It was proved that, on the return of the first attachment, the plaintiff went to the defendant, who said the cause could not be tried, as the writ had been made returnable on *Sunday*. On being asked by the plaintiff if the attachment was issued on the oath of any person, the defendant answered that it had been issued without oath. On the return of the second writ, the plaintiff again attended before the defendant, who was proceeding to try the cause, when the attachment was withdrawn. The defendant admitted that no oath was made by any person of the plaintiff being absent, &c. but said he had sufficient evidence, which he did not, however, disclose.

The defendant gave in evidence an execution, issued by him, on a judgment in his court, against the plaintiff, on which was endorsed a return of the constable, dated the 25th of *October*, 1811, that neither the body nor the property of the plaintiff was to be found. The officer who was a witness stated, that being in ill health, and unable to attend to business, he made a return of all the process in his hands, and resigned his office; and that he made no effort to take the plaintiff on the execution. The defendant offered to prove that after the commencement of the suit, part of the property had been returned to the plaintiff, on a settlement made between him and the creditor, at whose instance it had issued. This evidence was objected to, and the point reserved. A verdict was then taken for the plaintiff, for 31 dollars and 50 cents, subject to the opinion of the court on the above case. It was agreed, that if the court should be of opinion that the defendant was justified in issuing the attachment, then the verdict should be entered for the defendant; or if the plaintiff was entitled to recover, and the testimony offered as to the return of the property, ought to have been admitted, that the amount of the verdict should be reduced to six cents.

The cause was submitted to the court without argument.

THOMPSON, Ch. J. delivered the opinion of the court. The statute (sess. 31. c. 204. s. 23.) requires the justice, before issu-

ing the attachment, to have satisfactory proof offered him, of the departure or concealment of the debtor, with intent to defraud his creditors, or to avoid being personally served with process.(a)  A mere error in judgment as to the legality of the proof offered, would not make the magistrate a trespasser, by issuing the attachment.  But such proof, in order to give jurisdiction to the justice, ought, at least, to be colourable.  He cannot act upon his own knowledge, or mere belief on the subject, however well founded it may be.  Proof, in the sense in which it is used in the act, means legal evidence, (9 *Johns. Rep.* 75.) or such species of evidence as would be received in the ordinary course of judicial proceedings.  The evidence upon which the justice acted, in this case, was not of that description.  It did not amount even to the information of the constable, that the debtor had departed the county, or was concealed, with intent to defraud his creditors, or to avoid being served with process.  The justice might have believed the fact upon mere report, or the information of some person in whom he had confidence.  But this would not have been satisfactory proof, within the meaning of the act; nor was the return of the constable, on an execution against the debtor, any such proof.  It was altogether foreign and irrelevant.  The justice must be considered as having issued the attachment without any proof whatever of the departure or concealment required by the act; and, of course, without any authority.

The evidence offered to show that the property taken under the attachment had been restored to the plaintiff, after this suit was brought, ought to have been received in mitigation of damages.  The plaintiff, by his action, seeks to recover not only damages for the taking, but also the *value* of the property.  It would be unjust to allow him the value, after the property had been restored to him.  It is immaterial as to the person from whom he received the property; having received it, he is not entitled to a compensation for it.  If the restoration of the property had been made before the commencement of the suit, it could not have been pleaded in bar of the suit, which is as well for the taking and detention, as the value of the goods; nor, for the same reason, could it have been pleaded *puis darrein con-*

(a) By the new revised act, (sess. 36. c. 53. s. 23. 1 *N. R. L.* 398.) passed *April* 5, 1813, the justice is required to have satisfactory proof, *by at least one disinterested witness.*

*tinuance.* It follows, then, of course, that the evidence must be received in *mitigation of damages;* otherwise, the plaintiff will recover for an injury which he never has sustained. (6 *Bac. Abr.* 628.) The plaintiff must, therefore, take judgment for six cents only, according to the stipulation in the case.

<div align="right">Judgment for the plaintiff, for six cents.</div>