COLLINS *against* FERRIS.

Where an attachment is issued under the 23d section of the *act for the recovery of debts to the value of twenty five dollars*, on the oath of a party to the attachment, by which the constable is directed to attach the goods and chattels of the defendant, his arms and accoutrements excepted, in an action of trespass against the justice for issuing the attachment by the defendant therein, he cannot recover damages because the constable took and detained his arms and accoutrements

Whether a justice, issuing an attachment on the oath of the plaintiff therein, is a trespasser? *Quære.*

IN ERROR, to the court of common pleas of the county of *Chenango.*

This was an action of trespass *de bonis asportatis*, brought by the defendant in error against the plaintiff in error, a justice of the peace of the county of *Chenango*, for illegally issuing an attachment against the defendant in error, the plaintiff below. The cause was tried in the *October* term, 1816, of the court below.

The attachment was issued at the suit of *Thomas* and *Ephraim Webb*, on the application and oath of *Thomas Webb*, by which the constable was required to attach the goods and chattels of the plaintiff below, his arms and accoutrements excepted, and was dated the 21st of *February*, 1816. The attachment was issued by the defendant in good faith, and without any malice or improper motives. The constable, to whom it was delivered, attached a desk, and military cap and coat, which were in the possession of one *Crondall*, who gave the constable a receipt for the same. On the return of the attachment, and on proof produced by *Thomas* and *Ephraim Webb*, the defendant rendered judgment in their favour for 24 dollars and 96 cents, with costs; and execution being issued thereon, the constable sold the desk, but allowed the cap and coat to remain in possession of *Crondall*. The plaintiff below having rested his cause, the defendant moved for a nonsuit, which was refused, and the court decided that the defendant was a trespasser in granting the attachment on the oath of a party, al-

though he acted in good faith, and that the plaintiff was entitled to recover damages for taking the desk, and also for taking and detaining the cap and coat: the jury accordingly found a verdict for the plaintiff below for 28 dollars. The defendant below tendered a bill of exceptions to the opinion of the court below, which was removed into this court by writ of error.

The bill of exceptions was submitted to the court without argument.

*Per Curiam.* This case comes before the court on a writ of error to the common pleas of *Chenango* county, and the question submitted to this court arises under a bill of exceptions tendered to the court below. The action was trespass, *de bonis asportatis,* against the defendant below for issuing an attachment under the 23d section of the 25 dollar act, (1 *R. L.* 398.,) without having any other proof of the departure of the defendant than the oath of the plaintiff in the attachment. It is unnecessary here to determine whether the justice, by this procedure, made himself a trespasser or not ;(*a*) for the judgment must be reversed for misdirection to the jury, as to the rule of damages.

In the attachment, the arms and accoutrements of the defendant were expressly excepted. But the constable, notwithstanding, attached a military coat and cap, though the same were not taken out of the possession of the former when found. The court below charged the jury that the plaintiff was entitled to recover against the justice damages for the taking and detaining the coat and cap. In this direction the court below erred. The justice neither commanded nor ratified this act ; but, on the contrary, all such articles were expressly excepted out of the attachment. If any damages are to be recovered for such taking, the justice cannot be responsible. Recourse must be had to the constable. Although the damages recovered on this account were probably small, yet, as it is very evident the justice acted in good faith, and under a belief that he was complying with the requisites of the act, he is justifiable in defending himself under all legal objections, though they may appear somewhat technical. The judgment of the court below must be reversed.

Judgment reversed.

(*a*) Vide, *Voslurgh* v. *Welch*, 11 *Johns. Rep.* 175,.