Per Curiam.

The case admits that Robert Morris is the source of title to both parties. The lessor of the plaintiff claims title to the premises, under a deed from Morris, bearing date the 6th of April, 1797. It recites an agreement made between the parties on the 5th of August, 1795, whereby Morris covenanted to convey and assign to Craigie, his heirs and assigns, for ever, the tract and parcel of land described in the deed ; and it then grants to Craigie, a certain tract of land lying in the county of Ontario, &c. “ to be admeasured according to the following bounds and lines : beginning at the south-west corner of a certain tract of land of 100,000 acres, granted to Craigie, Watson and Greenleaf, on the ISth of February, 1792, thence extending east, along the southern boundary of said tract, six miles, thence southerly, so far as, by lines to be drawn from those two points, parallel to the eastern and western boundaries of the said 100,000 acre tract, will include therein the quantity of 33,750 acres of land.”
The case concedes, that the place of beginning of the tract, including the premises in question, is fixed and certain. The line, therefore, must be run from that point, according to the courses and distances, to ascertain the lands granted. The fact, that Morris’s anterior grant to Le Roy, Linklan and Boon, had divested him of the title to two miles in width of the land granted to Craigie, (which is the basis of the plaintiff’s claim to extend his grant on to the lands granted by Morris #to Ogden,) does not warrant a location upon other lands not authorized by the terms of the deed. The principle on which the location contended for rests, is, that the base given to Craigie, was six miles, and that the grantor had, by a prior grant, narrowed this one third, and that it is a grant of quantity founded on the six mile base, and that, therefore, the grantee has a right to his quantity upon any of the contiguous lands of the grantor. We cannot accede to this proposition, where there is a known and well ascertained place of beginning. In such case, the grant must be confined to the lands corresponding with the boundaries given in the deed. It would seem to be equitable, if Morris continued to own the adjoining land, that the grant should be satisfied, by being extended on his other lands, so that the grantee might have his complement; but even then, we much doubt, whether a court of law could afford the relief, in a case where there was no question as to the actual boundaries of the tract granted.
In the present case, it would operate inequitably, to permit the plaintiff to extend his grant upon lands held by a prior *133 grant to Ogden. It is urged, that the deed to Ogden recites, or refers to the prior agreement made between Morris and Craigie; and were we to admit, that Ogden had read that contract, and fully understood it, he must have known how the tract agreed to be conveyed to Craigie was to begin, and what it was to include, and that it did not touch or interfere with the tract granted to him. .We are ignorant of any principle on which the boundaries of a deed can be rejected, when they are susceptible of a definite and certain location, on the ground, that the grantor did not own part of the land granted, but did own contiguous land. Here, the case is stronger against the plaintiff. The grantor, when he conveyed to Craigie, did not own the lands in question, and, therefore, there is no equity in the plaintiff’s claim.
Judgment for the defendant, (a)

 Jackson, ex dem. Bond, v. Root, 18 Johns. Rep. 60. Jackson, ex dem. Swain, v. Remsen, 18 Johns. Rep. 107. Jackson, ex dem. M'Naughton, v. Loomis, 18 Johns. Rep. 81. S. C. in error, 19 Johns. Rep. 449. Jackson v. Widger, 7 Cowen, 723. Jackson v. Camp, 1 Cowen, 612. Newton v. Prior, 7 Wheaton s Rep. 10. 6 lb. 582. Jackson v. Moore, 6 Cowen, 706, and n. 720. 5 Cowen, 346. 7 Cowen 723. Jackson, ex dem. The People of the State of New-York, v. L. Wendell, 5 Wendells Rep. 142.