### ADKINS *against* BREWER and HARVEY.

To give a justice juris- diction of a cause upon at- tachment, proof must be made that the defendant is concealed, or has departed, &c. And if the attachment is- sue without such proof, and be executed, the whole pro- ceeding being void, the jus- tice and the plaintiff are trespassers.

So, *come sem- ble,* if security by bond be not given, or mere blank bonds execu- ted by the surety.

ON error from the *Otsego* Common Pleas. The action in the Court below was trespass by *Adkins* against *Brewer* & *Har- vey,* for taking, and carrying away, and converting the goods and chattels of *Adkins.* Plea, not guilty. The cause came on to be tried in *February* term, 1822, when the plaintiff called one *White* as a witness, who testified that he went, at the re- quest of *Harvey,* to the office of *Brewer,* who was a Justice of the Peace, in order to become bail for *Harvey,* to procure certain attachments against *Adkins,* which *Harvey* contempla- ted taking out ; that the witness, in conjunction with *Har- vey,* signed, sealed and delivered printed blank bonds for that purpose ; that one of them was either partially or totally filled up before its execution ; that three others were signed, sealed and executed in blank ; (these were then produced, and appeared still to be blanks) that the witness was in a hurry, as well as *Harvey ;* that the witness delivered the bonds to *Brewer,* the Justice, with directions to fill them up ;

In trespass against a justice for issuing attachments and executions, &c which were void, it appeared that the constable, who levied and sold under these, had several other execu- tions, older than the void ones, upon which he levied and sold at the same time, and the sale was under all the executions indiscriminately ; but the void executions, as well as the oth- ers, were satisfied by the sale, and the money paid to the plaintiff ; *held,* that trespass lay against the justice and party.

When the justice wants jurisdiction, he is liable as a trespasser : otherwise, where he has jurisdiction, and errs in the exercise of it.

In trespass against an officer, for issuing process, by virtue of which the plaintiff's goods are taken, to justify the taking, the officer must shew affirmatively, on his part, that he had jurisdiction ; especially where, from the plaintiff's proof, there is reason to presume that the proper steps were not taken to confer jurisdiction.

that *Brewer* was then filling up an attachment. The counsel for the defendant, on notice, produced but one attachment. The counsel for the plaintiff then gave in evidence three several executions, issued upon three several judgments, by *Brewer* against *Adkins*, in favour of *Harvey*, and also proved that the property in question was sold by one *Holden*, a constable, by virtue of an execution in favour of one *Aaron Bigalow*, and seven executions in favour of *Selah Havens*, all older than *Harvey's*, as well as by virtue of the several executions issued by *Brewer*; that about $102 of the money raised by the sale, was paid to *Harvey*, upon his executions, which were issued on judgments rendered upon attachments where no bonds had been filled up, or executed, otherwise than as above stated.

The counsel for the defendant thereupon moved for a nonsuit, which was opposed, on the ground that there was no evidence of any proof of the absence or concealment of the plaintiff having been taken at the time the attachments issued; and that no bonds were taken pursuant to the 23d section of the 25 dollar act; that the defendants were, therefore, trespassers: but the motion was granted by the Court below, on the ground that the judgments were voidable only; and that, inasmuch as it appeared that the constable's sale was made on a variety of other executions, as well as *Harvey's*, without discrimination, trespass would not lie. To this opinion the plaintiff excepted.

*S. M. Hopkins*, for the plaintiff in error, cited 1 *R. L.* 398, s. 23 ; *Vosburgh* v. *Welch*, (11 *John. Rep.* 175) *Curry* v. *Pringle*, (*id.* 444) *Percival* v. *Jones*, (2 *John. Cas.* 49) *Case* v. *Shepherd*, (*id.* 27) *Bigelow* v. *Stearns*, (19 *John.* 39) *Collins* v. *Ferriss*, (14 *John.* 246) *Cable* v. *Cooper*, (15 *John.* 152) 1 *Phil. Ev.* 150.

*I. Seelye*, contra, to shew that the law would presume the proper proof to have been taken before the attachments issued, cited *Van Dyck* v. *Van Buren*, (1 *Caines' Rep.* 84) *England* v. *Slade*, (4 *T. R.* 682) *Jackson* v. *Woolsey*, (11 *John. Rep.* 456, per *Yates*, J.) *Gray* v. *Garder*, (3 *Mass. Rep.* 399) *Coleman* v. *Anderson*, (10 *id.* 105) 1 *Phil. Ev.* 150, 151, 2d

*Am. from 3d Lond. ed. ; The King* v. *Hawkins,* (11 *East,* 216, *per Ld. Ellenborouh, Ch. J.*) *Powell* v. *Milbanke,* (3 *Wils.* 362. 366) 2 *Bl. Rep.* 852. S. C. ; *Williams* v. *The East India Company,* (3 *East,* 192) *Monk* v. *Butler,* (1 *Rol. Rep.* 83) *Dr. Harscot's case,* (*Comb.* 202) *Bull. N. P.* 298 ; *Evans* v. *Birch,* (3 *Campb. Rep.* 10, 12) *Peak. Ev.* 5 ; *Hartwell* v. *Root,* (19 *John.* 345).

He said that all the executions, except three, were admitted to be regular ; and the sale being upon them all, indiscriminately, trespass would not lie. The action should have been case. The proceeding is like taking an excessive distress, for which trespass will not lie. A party having two authorities may justify under one, though the other be void. (*Crother* v. *Ramsbottom,* 7 *T. R.* 654, *per Lawrence, J. Grenville* v. *The College of Physicians,* (12 *Mod.* 386, *per Holt, Ch. J.*) And as to the remedy by trespass, he cited *Hutchins* v. *Chambers et. al.* (1 *Burr.* 579) *Lynne* v. *Moody,* (2 *Str.* 851).

Though there were no bonds, this was error merely ; and the attachments, therefore, not void for this reason, but voidable only. (*Butler* v. *Potter,* 17 *John.* 145. *Prigg* v. *Adams,* 2 *Salk.* 674).

Though the attachment had been on the oath of the party, it would have been error merely. (*Steenburgh* v. *Korts,* 10. *John. Rep.* 167.) So, if without oath.

*Curia,* per SAVAGE, Ch. J. The defendants are called on *directly,* not *collaterally,* to shew why they have undertaken to dispose of the plaintiff's property. They must then show a lawful authority. A power to act is the first thing to be shewn by a Court of limited and special jurisdiction. To give the Justice jurisdiction, it must appear that the person against whose property an attachment is sought, is either concealed within the county, with the intent mentioned in the act, or has departed, or is about to depart the county, with the like intent.

In *Van Steenburgh* v. *Korts,* (10 *John.* 169) the Court seem to consider the proof of this necessary to confer jurisdiction ; and *Spencer, J.* takes the distinction between proof

before a Court which is to *give* it jurisdiction, and before a Court that already *has* jurisdiction.

In *Vosburgh* v. *Welch*, (11 *John.* 175) the Court say, the Justice must be considered as having issued the attachment without any proof whatever of the departure or concealment required by the act; and, of course, without authority. The rule as to the Justice's liability, is, that when he has no jurisdiction whatever, and undertakes to act, his acts are *coram non judice*, and void—equally so as if he was not a Justice. If he has jurisdiction, but errs in exercising it, then his acts are not void, but voidable only. In the former case he is personally liable—in the latter not. (17 *John.* 146. 2 *John. Cas.* 27. 14 *John.* 246. 19 *John.* 39.)

I do not consider this case as coming within the rule that an officer is presumed to have done an act, the omission of which would render him liable for negligence. There is presumptive proof, at least, that no evidence was taken by the Justice, and positive proof that no security was taken, except in one cause out of four. The sale by the constable, after the other executions were satisfied, could not be justified, except upon the authority of these executions; and as they were void, there was no authority whatever: all persons concerned were trespassers.

The judgment of the Court below must be reversed.

Judgment reversed.