## BOWMAN *against* RUSS and COLTON.

In trespass, a plea of justification, by overseers of the poor, that they seized the plaintiff's property, by virtue of a warrant of two justices, issued for that purpose, on the defendant's application, upon the ground that the plaintiff had left his wife and children a charge to the town, pursuant to the 22d section of the act for the relief and settlement of the poor, (1 *R. L.* 236, 7,) which proceeding was afterwards affirmed by the general sessions, must state, affirmatively and expressly, that the plaintiff had left his wife and children a charge, &c.

This is necessary to give the justices jurisdiction, and it may be traversed by the replication.

A party is not estopped by the proceedings and judgment of a court of inferior jurisdiction, to question its jurisdiction ; and enough must be stated by the party who would avail himself of such proceedings and judgment, to show that it had jurisdiction.

TRESPASS. The declaration contained four counts. The first was of *trespass quare domum fregit, et de bonis,* &c. ; the second of *trespass quare clausum fregit, et de bonis,* &c. ; the third of *trespass quare clausum fregit ;* and the fourth of *trespass de bonis asportatis.*

To the first count, the defendants pleaded, in justification of breaking and entering the house, and taking and carrying away the goods, that long before, and at, and after the time when, &c. they were overseers of the poor of the town of *York,* in the county of *Livingston ;* and as such overseers, before the time when, &c. to wit, on the 7th day of *July,* 1823, made application to *Paul Goddard* and *Apollos Long,* esquires, two of the justices of the peace of the county of *Livingston,* under and by virtue of the 22d section of the act for the relief and settlement of the poor, setting forth, that the plaintiff had absented himself from his wife and children, and left them a charge to the town of *York,* and was possessed of real and personal estate lying and being in the county of *Livingston,* which justices afterwards, and before the time when, &c. to wit, on the 7th day of *July,* 1823, upon due proof of the facts in the application set forth, issued their warrant under their hands and seals, directed to the overseers of the poor of the town of *York,* commanding them to take and seize the goods and chattels of the plaintiff, and to let out and receive the annual rents and profits of the lands and tenements of the plaintiff in the county of *Livingston,* for and towards the maintaining, bringing up and providing for his wife and children, so left a charge, &c. ; whereupon the defendants, as such overseers, by virtue of the warrant, &c. peaceably and quietly entered, &c. and seized and took, &c. as they lawfully might, &c. ; and that after-

wards, to wit, at the then next term of the general sessions of the peace of the county of *Livingston*, to wit, at, &c. they made application to that court, for the confirmation of the seizure, &c. ; that the court, by consent of both parties, postponed the hearing till their next *January* term, when, after hearing the proofs and allegations of the parties, they ordered and adjudged that the seizure should be, in all things, confirmed ; which are the same trespasses, &c.

The pleas to the second and fourth counts, were substantially the same.

To the third count, the defendants pleaded severally, *liberum tenementum.*

The plaintiff replied to the pleas to the 1st, 2d, and 4th counts, that at the several times when, &c. in those counts mentioned, he had not left his wife and children, or any or either of them, a charge to the town of *York ;* nor had his wife, or any or either of his children, at any time previous to the several times when, &c. been a charge to the town of *York ;* but on the contrary, ever and until, and at and after the several times, when, &c. he did continue to provide them with an abundant supply of every necessary for their support and maintenance, wherefore, &c.

To the pleas to the 3d count, the plaintiff new assigned, more particularly describing the *locus in quo ;* and the defendants justified, as in their pleas to the 1st, 2d and 4th counts.

The defendants demurred to the plaintiff's replication to the pleas to the 1st, 2d, and 4th counts, and the plaintiff joined in demurrer.

The plaintiff demurred to the rejoinder of the defendants, and the latter joined in demurrer.

*Hastings*, for the defendants. The plaintiff is concluded by the proceedings before the justices ; and the subsequent confirmation by the sessions. The justices acted judicially. This was holden of a justice who acts under the *16th* section of the act in question, (1 *R. L.* 284,) in *Ad-*

UTICA,
Aug. 1826.

Bowman
v.
Russ.

*ams* v. *Oaks*, (20 *John.* 282,) which section confers the power in substantially the same words as the 22d section, (1 *R. L.* 286, 7.) Being a judicial act, the plaintiff is concluded from questioning it in this collateral way, until reversed. The decision of the justices, and the confirmation of the court of sessions, are conclusive on the plaintiff, as well in relation to jurisdiction, as in all other respects. He appeared before the sessions, and litigated the questions in the cause, one of which was, whether the court had jurisdiction. The question on the merits was, whether he had deserted his family. This has been tried, and determined against him. He is estopped to question the fact in this form.

*F. Tracy*, contra. The pleas are clearly bad, for not averring the fact, that at the time of issuing the warrant, *Bowman* had left his family a charge to the town of *York*. This fact was necessary to give the justices jurisdiction ; and must, therefore, be pleaded, and may be tried as a matter *in pais*. The authorities are full to this point. (*Adkins* v. *Brewer*, 3 *Cowen*, 206. *M'Clung* v. *Ross*, 5 *Wheat.* 116. *Morgan* v. *Dyer*, 10 *John.* 161. *Mills* v. *Martin*, 19 *id.* 33. *Borden* v. *Fitch*, 15 *id.* 141. *Perkin* v. *Proctor*, 2 *Wils.* 382.)

*Curia, per* SAVAGE, Ch. Justice. The question is, whether the warrant of two justices to seize the property of a man, for leaving his wife and children a charge upon the town, is a good justification in an action of trespass, where it is admitted upon the record, that he had not left his wife and children such charge.

In pleading the proceedings of an inferior court, it is necessary to state sufficient to give jurisdiction to the court, and then the plea may say, *such proceedings were had, &c.*; but here, it is not averred that the plaintiff had absented himself, &c. ; the very fact upon which alone the justices had power to proceed. According to the point insisted on by the defendants, the justices may proceed against any man, and take from his own possession the re-

ry property with which he is contributing to the support of his family.

In the case of *Frary* v. *Dakin*, (7 *John. Rep.* 75,) the plea of an insolvent discharge was held ill, because it did not state that three fourths of the creditors had signed the petition, which was necessary to give jurisdiction. In *Morgan* v. *Dyer*, (10 *John.* 161,) the plea omitted to state that the defendant had been an inhabitant of the county for three months before presenting the petition, or was in prison; one of which was necessary to give jurisdiction under the act of 1811; and the plea was held ill for that reason. In *Wyman* v. *Mitchell*, (1 *Cowen*, 316,) it was not stated in the plea, that the defendant was an inhabitant of the county when he made his application; although it stated that, at, &c. within the county, he was an insolvent debtor within the meaning of the act, yet, being an inhabitant was necessary to give jurisdiction, and the plea was held ill.

According to these decisions, the pleas in question are clearly bad. Suppose the plea in *Wyman* v. *Mitchell*, had not been demurred to; but the plaintiff had replied that the defendant, when he applied to the first judge of *Albany*, was not an inhabitant of the county; surely that fact admitted, would put an end to all pretence that the discharge was valid. So here, as to the pleas to the first, second and fourth counts, the fact being admitted, that when these proceedings were had against the plaintiff, he had not been guilty of the misconduct which alone gives to the justices power to proceed against him, it clearly follows that their proceedings were *coram non judice*, and void.

If I am right, judgment must be given for the plaintiff on both demurrers. The justifications are all defective in themselves.

Judgment for the plaintiff.