## MORRISON VS. REAM.

1. ATTACHMENT—PRACTICE.—Where a writ of attachment is quashed upon motion for the insufficiency of the affidavit, although it has been personally served on the defendant, the suit must be dismissed, with costs, and it cannot proceed as in an ordinary case of a summons.
2. AFFIDAVIT. — An affidavit which only states the aggregate of the plaintiff's claim, and shows that the defendant has counterclaims as a set-off, but does not state that there is any balance due to the plaintiff, or show the amount that is due, is not sufficient to authorize the issuing of a writ of attachment.
3. SAME.—The facts necessary to entitle a party to the writ must be proven to the satisfaction of a judge or supreme court commissioner, by legal evidence of the party or a witness; mere belief is not sufficient; nothing but facts and circumstances will do.
4. PRACTICE.—Where fraud is charged as the ground for issuing the writ, the judge or commissioner must be satisfied that the fraud exists by proof of facts and circumstances sufficient to raise such strong presumptions of guilt as would, without contradiction or explanation, induce the officer to convict the defendant of the charge if he was on trial before a petit jury; the mere belief of any person is not sufficient.
5. SAME.— If the officer indorses his satisfaction on the affidavit, the court may go behind the indorsement, and examine the affidavit itself; and if the facts and circumstances are not sufficiently proven to authorize the issuing of the writ, it may be quashed upon motion.

ERROR to the District Court for *Dane* County.

*Morrison* sued out a writ of attachment against *Ream*, founded upon an affidavit, which is embodied in the opinion of the court. The supreme court commissioner before whom the affidavit was made, indorsed upon it the following certificate of his satisfaction:

"Agreeably to the requirements of the act approved February 15, 1842, I hereby certify that I am satisfied of the truth of the facts set forth in the above affidavit, and that the plaintiff is entitled to a writ of attachment. Given under my hand, at Madison, this 25th day of March, 1842."

The writ of attachment concluded with a summons, and was personally served on the defendant.

At the return term the defendant moved the court to quash the writ, because of the insufficiency of the affidavit, and of the indorsement of satisfaction.

The district court sustained the motion, and dismissed the suit.

Two questions were presented for the consideration of this court: Whether the district court erred in quashing the attachment; and whether, where the attachment is quashed, and there has been personal service of the summons, it is error to dismiss the suit.

*David Brigham* and *A. P. Field*, for plaintiff in error:

The court below ought not to have quashed the writ upon the motion. The statute affords the defendant a different remedy, by traversing the affidavit; and if the decision shall be in his favor, his property is released, and the suit progresses; the writ is not quashed. The writ is two-fold: to attach and to summon; and, if the attachment is bad, the summons should not be quashed, for by it the defendant is brought into court, as in ordinary cases. The court below ought not to have considered the motion, but left the party to his remedy pointed out in the act. The law has made the officer before whom the proof is made, the judge whether the attachment ought to issue; and if he is satisfied of the facts, and so certifies, the court cannot look beyond his certificate. If he certifies that the proof before him was sufficient to satisfy his mind that the necessary facts existed, the court is bound to believe that they were proven to his satisfaction. But if the court can look into the affidavit, and judge of its sufficiency, it will be found that the officer had enough before him to satisfy him that the facts did exist.

*Julius T. Clark* and *Edward V. Whiton*, for defendant in error.

1. The right of the defendant to traverse the affidavit, and if it appears to be false, to have his property released, does not deprive him of the right to have the writ quashed if it has issued upon an insufficient

affidavit. The law makes the affidavit the foundation of the writ itself, and all the proceedings under it. If the affidavit is bad, the writ has improperly issued, and the defendant has been improperly brought into court.

2. The court is not concluded by the officer's indorsement of satisfaction. The practice of other courts upon similar statutes is to look behind the certificate, and see whether the officer ought to have been satisfied; to examine the affidavit and test its sufficiency by the statute. 1 Cowen's Treat. 479, 480; 10 Wend. 420; 10 Johns. 169; *Vosburg v. Welsh*, 11 id. 175; *Smith v. Lewis*, 14 Wend. 237.

3. The affidavit in this case will be found to be defective in every material requisite. As to the indebtedness, it does not show that *Ream* owed him any thing. It may be true in every particular, and yet *Morrison* may be indebted to *Ream* on a balance of the accounts between them. The facts stated are not sufficient to justify either *Morrison* or the officer in believing that the charge of fraud was true. The belief of the party is neither a fact nor a circumstance, from which the officer can be satisfied of the existence of a cause for issuing the writ.

MILLER, J. This cause was commenced by attachment in the district court of Dane county, by the plaintiff in error against the defendant in error, on the following affidavit: " *James Morrison*, being duly sworn, doth depose and say that *Robert L. Ream* is justly indebted to him for goods, wares and merchandise sold and delivered, money lent, paid, laid out and expended for the use of said *Ream*, in the sum of $282.66, not deducting certain counter demands and set-off claims against the above claim in favor of said defendant, the exact amount of which counter demands this affiant is not knowing: And this affiant swears that his whole claim arises from, and is founded in contract: This affiant further deposes and says, that said *Ream* is about fraudulently to dispose of his property, so as to hinder or delay him the

said *James Morrison*, in the collection of his said demands against him, as this affiant verily believes; because this affiant has frequently requested said *Ream* to settle and pay him his said demands, or to meet him for the purpose of adjusting the same, and he has refused so to do, assigning no reasonable cause for neglecting to meet this affiant, and settling his said demand; and further, said *Ream* very recently sold off his goods and effects, or the principal part of them, as this affiant verily believes, and is about to remove with his family, out of this county, and to leave no property to the knowledge of this affiant, on which an execution can be levied or satisfied." Which affidavit was indorsed, "satisfied," by a supreme court commissioner.

On motion on the part of the defendant, the district court dismissed the proceedings. In this there was no error.

The affidavit leaves the amount claimed too vague and uncertain, and the alleged fraud is very far from making such a case as to warrant this writ. It cannot be pretended that this affidavit shows that the defendant was about fraudulently to dispose of his property to defeat or delay his creditor.

The facts necessary to entitle a party to a writ of attachment, must be proven to the satisfaction of the judge or commissioner, and the circumstances upon which the belief of the affiant is founded; and by the act of February 15, 1842, should be embodied in the deposition. Proof, that is legal evidence, from the party or a witness is required. Mere belief is not sufficient. Nothing short of facts and circumstances within the knowledge of the affiant will do. 11 Johns. 175. The supreme court of New York, through a long train of decisions, have settled the practice that the insufficiency of the proof may be taken advantage of by a motion to quash. 1 Cowen's Treat. 480. Belief, report, information or suspicion are not sufficient. 10 Wend. 420. The officer must be satisfied, and he must be so satisfied from proof

of facts and circumstances, not from the belief of any one. Such facts must be proven, as will leave no reasonable doubt on the mind of the officer, that the defendant is about to commit the fraudulent acts mentioned in the statute. For instance, if the party proves positively that the defendant declared his intention to remove or sell his property to avoid the payment of his debts, the officer could draw his own conclusions. 14 Wend. 237 ; 3 Cow. 206 ; 14 Johns. 175, 257 ; 6 Wend. 438 ; 6 Cow. 234. The requirements of the act should be strictly complied with. 3 Cow. 206. As this is an allegation of fraud, and in its nature a criminal proceeding, the officer should have at least, such strong presumptive proof, as being uncontradicted or unexplained, would induce him to convict the defendant of the charge if he were on trial before the petit jury. 10 Wend. 608.

In this case there is nothing to traverse ; the fact set forth in the affidavit not being sufficient to lay the foundation for the writ. When a writ has been served on the defendant, the publication of notice is dispensed with, so is also the entering of the defaults, but the defendant must appear and plead as in other cases. It is contended that when the writ is obtained upon proof, and upon a traverse of the facts it is made to appear that they are not true or well founded, then by the direction of the statute, the suit becomes nothing more than if it had been commenced by summons. But it would lead to oppression if we were to put such a liberal construction upon the act as to save the suit and the costs to the plaintiff in such a case, or a case like the present. The fourth section of the act authorizes a traverse of the facts set forth in the affidavit, and, if their falsity shall be made to appear, the property attached shall be released. The act no where says, that if the attachment is abated or quashed, the suit shall be and remain as in cases of a summons. By the seventh section, in case of personal service of the writ upon the defendant, it shall not be necessary to call the defendant and have his default

entered, but the suit shall proceed as in ordinary cases of summons, and no notice shall be required to be published, as required by the third section of the act to which this is amendatory. From the reading of this section it is apparent that the only object of the legislature in providing for the annexation of a summons to the writ of attachment was as herein stated, and cannot be construed to extend to the relief of a party who has obtained a writ of attachment, without having strictly complied with the prerequisites of the statute.

The judgment is therefore affirmed, with costs.