Davis *v.* Marshall.

[MONROE GENERAL TERM, September 6, 1852. *Selden, Johnson* and *T. R. Strong*, Justices.

---

## DAVIS *vs.* MARSHALL and FOLGER.

Before an attachment can be issued by a justice of the peace, against a nonresident of the county, under the 33d section of the act to abolish imprisonment for debt, a bond, such as is required by the 35th section of that act, must be given by the applicant.

If an attachment is issued without such a bond having been given, the attachment is void, and the justice issuing the same, and the party on whose application it was issued, are answerable as wrongdoers, for the execution of it.

Until the proof required by the statute is made, and the bond furnished, a justice is not invested with authority to issue an attachment. They are a condition precedent to the power which the statute gives. And if a justice

Davis *v.* Marshall.

undertakes to execute the power, without exacting a prior performance of these conditions, his acts are utterly void, and the process affords him no protection for what is done under it.

THIS was an appeal from a judgment entered upon the report of a referee in favor of the defendants, against the plaintiff. The action was commenced in March, 1849, and the acts complained of took place in May, 1847. The other facts necessary to an understanding of the points decided, are stated in the opinion of the court.

*John C. Strong*, for the appellant.

*A. T. Knox*, for the respondents.

*By the Court*, T. R. STRONG, J. This action was brought to recover damages for the taking and detaining, by the defendants, of a canal boat, belonging to the plaintiff. The taking consisted in a seizure of the boat by a constable, by virtue of an attachment issued by the defendant Folger, who was a justice of the peace, in favor of the defendant Marshall, against the plaintiff, under the 33d section of the act to abolish imprisonment for debt, which process was delivered by Marshall to the constable, with a direction to take the boat. No bond was required by the justice, or given, on issuing the attachment. It is claimed, on the part of the plaintiff, that a bond was necessary in the case—such an one as is specified in the 35th section of said act—and that none having been given, the attachment was void, and the defendants are answerable as wrongdoers for the execution of it. The decision of the court of appeals in *Bennett* v. *Brown*, (4 *Comst.* 254,) is conclusive in support of the first branch of this position, as to the necessity of a bond; and the conclusion contended for, from the omission to give a bond, appears to me to be, both upon principle and authority, unavoidable. The jurisdiction of a justice to issue an attachment is derived wholly from the statute, and is in all cases made, by the statute, dependent upon a compliance with certain requisites therein prescribed. Proof is to be made by affidavit,

to the satisfaction of the justice, of the facts and circumstances entitling a party applying, to the same, and a bond with sureties is to be given. Until both the proof is made and the bond furnished, the justice is not invested with authority to issue the process. They are a condition precedent to the power which the statute gives. And if the justice undertakes to execute the power, without exacting a prior performance of these conditions, his acts are utterly void, and the process is no protection to him for what is done under it. This is clear, without reference to the cases; but they place the doctrine beyond question. In *Vosburgh* v. *Welch,* (11 *John.* 174,) a justice was held liable as a trespasser, for the taking of property by a constable, under an attachment issued by him, without any legal evidence of the facts necessary to warrant it. Thompson, justice, who delivered the opinion of the court, says : " A mere error in judgment as to the legality of the proof offered, would not make the magistrate a trespasser, by issuing the attachment. But such proof, in order to give jurisdiction to the justice, ought at least to be colorable." And again ; " The justice must be considered to have issued the attachment without any proof whatever of the departure or concealment required by the act; and of course, without any authority." In *Adkins* v. *Brewer and Harvey,* (3 *Cowen,* 206,) it was decided that an action of trespass would lie against a justice who issued attachments, and the plaintiff therein, for a sale of property under executions, the validity of which depended upon the validity of the attachments, when no proof was given of any facts to warrant the attachments, and no security was taken, except in one of the cases. Savage, chief justice, says : " The defendants are called on directly, not collaterally, to show why they have undertaken to dispose of the plaintiff's property. They must then show a lawful authority. A power to act is the first thing to be shown by a court of limited and special jurisdiction." And he refers to the rule, which is laid down in numerous cases, that when a justice " has no jurisdiction whatever, and undertakes to act, his acts are *coram non judice* and void—equally so as if he was not a justice. If he has jurisdiction, but errs in exercising it, then his acts are

Davis *v.* Marshall.

not void, but voidable only.   In the former case he is personally liable, in the latter not.   (17 *John.* 146.   2 *John. Cas.* 27.   14 *John.* 246.   19 *Id.* 39.")   In *Loder* v. *Phelps*, (13 *Wend.* 46,) which was an action for an assault and battery against a party, at whose suit a warrant had been issued, upon an affidavit which did not set forth any facts and circumstances showing the grounds of the application, upon which an arrest had been made, it was decided that the action was maintainable.   Sutherland, J., who delivered the opinion of the court, said, "The justice has no right to be satisfied with an affidavit, in the general terms employed in this case; it states no fact or circumstance whereby he could judge of the necessity or propriety of issuing the warrant; without such specification he had no right or jurisdiction to issue the process; (3 *Cowen*, 206; 11 *John.* 175; 12 *Id.* 257; *Cowen's Tr.* 256; 6 *Wend.* 438; 6 *Cowen*, 234;) and it can afford no protection to the defendant, who was the party who procured it."   Numerous other cases might be cited, which are in point upon the principle in question, but those given are sufficient.   I have not been able to find any decision to the contrary; none has been referred to on the part of the defendants. The case of *Rogers* v. *Mulliner*, (6 *Wend.* 597,) is clearly distinguishable from the present and the cases referred to.   That was an action for false imprisonment against a justice, and a party in whose favor a warrant had been issued by the former, without oath, in a case where an oath was necessary.   The party was held liable, but the justice not.   The ground upon which the justice was exempted from liability was, that he had general jurisdiction to issue a warrant; and that an oath was necessary only in certain cases; and that he was justified in issuing any process *within his jurisdiction* which was demanded by a party, provided he acted in good faith.   The difficulty in the present case is that the magistrate had not jurisdiction.   The distinction is referred to in *Barnes* v. *Harris*, (4 *Comst.* 374.) See also *Hoose* v. *Sherrill*, (16 *Wend.* 33, 35.)

The fact that at the time the attachment was issued by Justice Folger, the late supreme court had decided that a bond was not necessary to authorize it, (*Clark* v. *Luce*, 15 *Wend.* 479;

---

Davis *v.* Marshall.

---

*Ackerman* v. *Finch, Id.* 652; *Bates* v. *Relyea,* 23 *Id.* 336; *Wood* v. *Randall,* 5 *Hill,* 264; *Van Etten* v. *Hurst,* 6 *Id.* 311,) does not, in my judgment, affect the law in this case. The question as to the liability of either of the defendants does not depend upon what were his motives in obtaining or issuing the attachment, but only upon whether the justice had or had not jurisdiction to issue it. It is conceded that if the justice was led into error by the decisions of the supreme court, it is hard upon him to hold that he is liable. It is also hard upon the defendant Marshall, who was willing to give a bond, but was advised, by reason of those decisions, that none was necessary, to hold him liable; but it would be hard upon a party, whose property has been illegally taken, to deny him redress, from any such considerations, and I know of no principle which would justify the court in doing so. The legislature has interposed its protection against liability by any person to a penalty or forfeiture, for an act done in good faith in conformity to a construction given by the supreme court to a penal or other statute, after such decision was made, and before a reversal thereof. (2 *R. S.* 602, § 66.) But that protection is not broad enough to aid the defendants.

The conclusions to which I have come, upon the questions discussed, render a consideration of other questions in the cause unnecessary.

The judgment appealed from must be reversed, and a new trial granted, with costs to abide the event.