JULIEN T. WILLIAMS, Appellant, *v.* THE VILLAGE OF DUN-
KIRK, Respondent.

(GENERAL TERM, FOURTH DEPARTMENT, JUNE, 1870.)

It is provided by the charter of the village of Dunkirk, that " whenever
the board of trustees may deem it necessary to make or repair any side-
walk or gutter in said village, they shall give notice thereof to each
owner in front of whose premises such sidewalk, &c., are required to be
made or repaired, requiring each of such owners to construct or repair,
&c., in front of their premises respectively, in such manner, &c., as said
board shall direct, to be specified in such notice." By a further pro-
vision of the charter, on neglect or refusal of any owner the board is
authorized to cause the repairs to be made, and assess the expense
upon lots in front of which the work is done; and they are to make
an assessment roll, writing down thereon opposite the name of each
owner a description of the property, and cause it to be delivered
with their warrant for collection annexed, to the village collector, who

Williams *v.* The Village of Dunkirk.

in case of refusal to pay, is to levy and collect by distress and sale of the delinquent's goods. The trustees directed notice to repair to be given to the owners of premises in certain contiguous blocks, two of which were owned and occupied by the plaintiff; the plaintiff had notice to repair, only in reference to a part of the premises designated which he did not own, and neglected to make any repairs; he was assessed upon the roll for the same property with respect to which he had been notified, and a levy under the trustees' warrant was made upon his goods, which were sold. In an action against the village to recover for the property,—*Held,* that the trustees acted without jurisdiction in issuing the warrant against the plaintiff's property, and that the defendant was therefore liable.

And it seems, the warrant being regular on its face, that no action lay against the collector for his proceedings under it.

It seems also, that if the plaintiff had been charged with notice to repair respecting his own property, the sale would have been lawful notwithstanding the misdescription upon the roll. And that such misdescription did not affect the validity of the tax, but was important only with reference to sale of the land itself.

*Held,* further, that in the absence of proof as to what property the notice given the plaintiff applied to, the presumption was, that the notice was given with respect to the same property set down to him upon the roll.

The village is liable for damage resulting from the act of its trustees in a *bona fide* attempt to discharge a duty permitted to the corporation by its charter and affecting the municipality, where the act is rendered void by failure of the trustees to perform it in the manner prescribed by law.

It seems that the corporation is not liable for the wrongful acts of officers not elected or appointed by itself, or by any authority over which it has control, but whom it is required by law to employ in carrying into effect the powers conferred upon it.

And that the rule of liability of the corporation for the acts of its officers is the same as that of an individual for those of his agent.

THIS case came before the court on a case made, and exceptions ordered to be heard in the first instance at General Term.

The action was brought to recover the value of the plaintiff's personal property seized and sold by the collector of the village of Dunkirk under a warrant of the trustees of that village, annexed to an assessment roll upon which various residents of the village, and among them the plaintiff, were assessed for repairs made to sidewalks, and directing the collector to collect the assessments therein stated.

It appeared that the trustees of the village had directed notices to repair the sidewalks in front of certain premises covering blocks No. 473 and 433, in the said village, owned and occupied by the plaintiff, and also block No. 517, owned by one Clark, and that the plaintiff had neglected to repair, and had been assessed, as is stated with the other material facts in the opinion of the court.

*Murray & Pattison*, for the appellant.

*F. S. Edwards*, for the respondent.

Present—MULLIN, P. J., JOHNSON and TALCOTT, JJ.

By the Court—MULLIN, P. J. The plaintiff, in June, 1868, was a resident of the village of Dunkirk, and owned part of blocks Nos. 473 and 433, on the east side of Center street, in said village, which blocks are south of block No. 517, and also south of East Seventh street, which runs on the south side of lot No. 517. He did not own any part of 517.

On the 12th June, 1868, the defendants (trustees), at a meeting legally convened and held, passed a resolution, that the street commissioner be instructed to notify the parties to repair the sidewalks in front of their premises, on the east side of Center street, from Fourth street to Crooked brook.

At a meeting of the trustees, held in August, 1868, the width of the walks and the materials with which they were to be constructed, were prescribed. No notice was served on the plaintiff to construct a sidewalk on block No. 517, nor did he ever refuse to build a walk on that lot.

Section two of title eleven of the charter of said village (Session Laws of 1867, chap. 479, page 1198) provides that when the trustees shall deem it necessary to have sidewalks built or repaired, they shall give notice to each owner in front of whose premises such sidewalk is to be built or repaired, requiring him to do the work within a time, and in a manner to be prescribed in such notice. If such owner fails to com-

ply with such notice, the trustees are to do the work and assess the expense upon the lots and premises respectively in front of which the same is made. They are also to ascertain the amount to be assessed to each lot, and shall cause a tax roll to be made of the same, setting opposite the name of each owner a brief description of the property, and in the last column the amount assessed to each owner, and to cause a warrant to be annexed to the roll, and such roll and warrant to be delivered to the collector.

The defendant omitting to build a walk on block 517, as the trustees understood he was bound to do, they caused the work to be done at an expense of $62.30, and an assessment roll was made out, assessing the expense of the work on the lots, in which was inserted the plaintiff's name, and as a description of the lot, the words " block 517," and in the last column " $62.30," the expense of the work. To this roll was annexed a warrant for the collection of the tax, and the roll and warrant were delivered to the collector of said village, who, by virtue thereof, seized and sold a mare belonging to the plaintiff, worth, as he proved, $200 and upward, for sixty-five dollars, and delivered her to the purchaser. For the seizure and sale of the mare this action was brought, the plaintiff claiming that as he did not own block 517 or any part of it, he was not legally liable to be assessed for making or repairing sidewalks thereon. On the proof of the foregoing facts and others not material to the question before us, the court nonsuited the plaintiff, on the ground that the village was not liable for the act of one of its officers done clearly outside of his jurisdiction.

To make the corporation liable for the sale of the property, it must be made to appear that the trustees did not have jurisdiction to issue a warrant against the plaintiff for the collection of the expense incurred in the repairs of the sidewalk in front of the lands of the plaintiff, lying within the corporate limits of the village. As nothing appears on the face of the tax roll or warrant issued by the trustees which show it to be void, it protects the officer. Hence the collector of the

village, who seized and sold the plaintiff's mare, is not liable for making the sale. The trustees, who are for the purposes of the case the corporation, are to be treated as a tribunal having a limited and special jurisdiction, and as such liable for issuing process whereby the property of a party is seized and sold without having acquired jurisdiction so to do. ( *Vosburgh* v. *Welch*, 11 J. R., 174; *Adkins* v. *Brewer*, 3 Cow., 206; *Davis* v. *Marshal*, 14 Barb., 96.)

Without stopping to enumerate all the facts necessary to be established in order to confer jurisdiction, one fact was undoubtedly essential, and that was notice to the plaintiff that he was required to repair his walk in front of some lot owned by him within said village, of which some description should be given. It seems to have been assumed on the trial that a notice was served on the plaintiff to repair a sidewalk, but there is no proof what lot was specified. But it is left to be inferred that the notice was to repair the walk on lot 517. I infer that lot 517 was intended, because that is the number specified in the assessment roll; and there being no proof that any other lot was mentioned or intended, the correctness of the description on the roll must be assumed. That plaintiff did not own lot 517, but did own 473 and 433, is clearly established. This essential element of jurisdiction cannot be presumed. It must be proved (1 C. & H. Notes, 297 ; *The People* v. *The City of Brooklyn*, 21 Barb., 484; *Sheldon* v. *Wright*, 7 Barb., 39), and it was not proved. It follows that the trustees never acquired jurisdiction to enforce the payment for the repairs made by them against the plaintiff, and some one was therefore liable for the seizure and sale of the plaintiff's property.

I have shown that it was not the collector that was liable; and as the trustees representing the corporation are the only other persons having any agency in the conversion of plaintiff's property, it would seem to be just that it should respond in damages for any injury done to the plaintiff by means of the attempt to take his property in payment of an illegal tax.

It is suggested that the insertion of block 517 in the assessment roll was a mistake, and that the plaintiff was notified, and sought to be made liable as owner in the other two blocks. I have no doubt but that such was the fact, and had the defendant called the person who served the notice, if it was personal, or produced a copy of the one published, and it had appeared that the notice did apply to the lots actually owned by the plaintiff, I think the plaintiff could not recover. The provisions of the statute as to the contents of the tax roll, are directory merely. Before that is prepared the trustees must have acquired jurisdiction, if it is ever acquired, and any non-compliance with the provisions of the statute thereafter may render the proceedings irregular but not void. The validity of the tax does not depend on the insertion in the roll of a description of the property. That is necessary. where a sale of the land itself for the tax is attempted, and is necessary for no other purpose. By section two, title twenty of the charter, the power is expressly given to the collector to seize and sell the property of the owner, if he fails to pay the tax; and the exercise of that power does not depend on the particular form of the warrant. By inserting in the roll the number of a block, and failing to prove notice in reference to either of the blocks of which plaintiff was owner, we must assume that plaintiff was in truth assessed for the expense of repairs, made on a sidewalk, made on lands which he was not owner. The trustees had no power to assess him for any such expense.

It was decided in *Lee* v. *The Village of Sandy Hill* (40 N. Y., 442), that municipal corporations are liable in trespass for the illegal acts of their officers, either because the trustees are the agents of the corporation, or because their acts are the acts of the corporation itself, and that to render it liable it is enough, that it is made to appear that they were expressly authorized by the corporation, or that they were done *bona fide* in pursuance of a general authority to act for the corporation on the subject in relation to which they were performed. It was held by the court on the trial, and it was

insisted upon the argument of the appeal, that the sale of plaintiff's property was the act of an independent officer, acting not by the direction of the corporation, but under authority conferred on him by the legislature, and for the illegal acts of such an officer the corporation is not liable. It is not said whether the proposition applies to the action of the trustees or of the collector. If the collector is intended, it does not apply to him, for his action was unquestionably legal. His seizure was by virtue of process, regular on its face, and the sale was properly conducted. The illegality, if any, is not in his proceedings. The proposition must apply then to the action of the trustees. If the corporation is not liable for the illegal action of the trustees, it is not liable at all, as there is no liability for their legal acts.

The rule of law is, that when the corporation is empowered by its charter to perform some duty affecting the interests of the municipality, and the trustees attempt in good faith to perform it, but fail to do it in the manner prescribed by law, so that the act done is void, the corporation is liable for the damage sustained by persons affected by the wrongful act. (*Lee* v. *Village of Sandy Hill*, *supra*, and cases cited.)

It is undoubtedly true, that when an officer is elected or appointed to perform certain duties in carrying into effect the powers conferred on a corporation, he and not the corporation may be liable for his malfeasance in his office. A tax is assessed upon A B, and a warrant is issued to the collector for its collection, and upon it he seizes and sells the property of C D. The corporation is not liable for the illegal sale. So, too, if he sells at a time or in a manner not authorized by law, he and not the corporation is liable. The liability in the case is determined by the same principles that regulate the liability of principals for the acts of their agents.

When a corporation is required by law to employ officers, not elected or appointed by them, but elected or appointed by some other authority, over which it has no control, to aid into carrying into effect the power conferred on it, such corporation is not liable for the wrongful acts of such officers.

Requa *v.* Guggerheim.

Neither is a plaintiff in any execution liable for the unlawful acts of the sheriff under it, unless authorized by him, or adopted after they are done. The sheriff is not his agent by any act of his, but is elected or appointed to enforce executions, and that duty cannot ordinarily be done by any one else. The plaintiff is compelled to accept him and it would be most unjust to subject him to liability for the acts of an agent over whom he has no control. When, however, he selects his agents, prescribes his duties, and has power to remove him at pleasure, it is just that he should be responsible for the wrongs committed by such an agent, while acting under his authority. I can find no case, in which a corporation is relieved from liability for the actions of its agents, when an individual would not be relieved under the like circumstances. On the contrary, it is well settled that the liability of both is to be determined by precisely the same principles. (*N. Y. & N. H. R. R. Co.* v. *Schuyler*, 34 N. Y., 30; *Angel & Ames on Corporation*, §§ 310, 311.)

If this is a correct exposition of the law, it follows that the plaintiff was improperly nonsuited, and the motion for a new trial must be granted, costs to abide the event.

New trial granted.