ROBERT ELLIOTT, APPELLANT, *v.* BENJAMIN G. LEWIS,
RESPONDENT.

*Deed — description in — survey must commence at place of beginning.*

In determining what premises are conveyed by a deed, the survey must be commenced at the place of beginning designated in the deed, unless it clearly appears that to do so would destroy the grant.

The fact that to commence at said point would give to the grantee more or less land than the deed calls for, does not authorize a departure from the general rule.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee. The action was in ejectment, and the accompanying diagram, offered in evidence on the trial, shows the location of the premises in dispute.

*Randall & Randall*, for the appellant.

*B. G. Lewis*, respondent, in person.

MULLIN, P. J.:

This action is brought to recover a strip of land, of which plaintiff claims to be owner, in Central Square, in the county of Oswego, and is parcel of a larger tract which he alleges he owns, and of which parcel defendant is unlawfully in possession.

The deed describes the whole lot conveyed to plaintiff, as follows: Beginning at the north-west corner of the store on the lot, thence north thirty-three degrees east seventy-eight feet; thence south fifty-seven degrees east, to the road running to Smith and Brewster's mills; thence along said road south forty-nine degrees west, to the road leading to Constantia; thence north fifty-seven degrees west, to the place of beginning.

The north-west corner of the store is a well known monument, and commencing at that point and running the lines according to the calls in the deed, the piece of land in dispute belongs to the plaintiff.

The referee in his findings disregards the place of beginning

Map of  Robert Elliott's Store Lot at Central Square, **N. Y.**

S. 57° E. 68 ft.

14 ft.

N. 33° E. 78 ft. to corner.

Old fence.   (Original.)

Old fence (as changed).

Privy.

26 ft.

Disputed land.

38 ft.

N. W. corner of Store.

S. 49° W. 142 ft.

SMITH MILLS ROAD

N

E

W

40 ft.

**STORE**

30 ft.

Front of Store.

20 ft. 10 in.

North bounds

CONSTANTIA  ROAD

mentioned in the deed, and holds the place of beginning to be the south-west corner of the store. Beginning at the south-west corner and following the courses in the deed, the land in dispute belongs to the defendant and not to the plaintiff.

The referee declines to begin at the north-west corner of the store, for two reasons:

First. Because it would give to plaintiff considerably more land than he is entitled to under his deed; and,

Second. Because the last course in the deed would carry the line diagonally through the store, thus excluding from the conveyance a considerable part of the land.

A grantee is entitled as against his grantor and all those claiming under him by grant, subsequent to the conveyance to such grantee, to all the land embraced in his deed, and whether the quantity is more or less than was intended to be conveyed, the title passes and the grantee is owner so long as the deed remains unreformed.

If other persons have acquired a better title to part of the land covered by the deed, the grant will be restricted accordingly.

If the deed to plaintiff conveys to him the strip of land in dispute, it does not help the defendant that there is a mistake in a course in the deed that does not touch the land in controversy.

The referee could not disregard the place of beginning mentioned in plaintiff's deed and adopt another, because it might in his own opinion more correctly give effect to the intention of the parties. The survey must commence at the place designated for its commencement in the deed, unless, perhaps, it clearly appears that to adopt it would destroy the grant.

It was held, in *Wendell* v. *Jackson* (8 Wend., 183), that when a tract of land in a patent is described as beginning at a corner of another tract, and the termination of the third course given in the grant is described in another patent subsequently issued as a clump of rocks on the shore of a lake, if the corner mentioned as the place of beginning is sufficiently ascertained by proof, the location of the premises granted must be made by commencing at such corner, although in doing so, by pursuing the courses and distances, the clump of rocks will not be reached, the third course will be shortened one-half, one whole course will be lost, one end of the tract thrown into the form of an acute angle, instead of having a base of fifty

chains, and the quantity of land be reduced nearly one-half. (*Jackson* v. *Wendell*, 5 Wend., 142 ; *Jackson* v. *Wilkinson*, 17 Johns., 146 ; *Smith* v. *McAllister*, 14 Barb., 434 ; *Van Wyck* v. *Wright*, 18 Wend., 157.)

The error as to the place of commencing the survey is fatal to the judgment.

It is possible that the defendant may claim to the fence, as located by Purden, on the northerly line of the store lot, and that although plaintiff's deed extended beyond that fence, yet he did not occupy all to which his deed entitled him, but whether this is so or not plaintiff does not claim any land beyond seventy-four feet from the north-west corner of the store, so that the inquiry as to whether the remaining fourteen feet is covered by the deed, ceases to be material.

I have not examined the other exceptions discussed by the appellant's counsel in the brief ; as the evidence and rulings on another trial may be essentially different, it will be time enough to consider them should they be again presented.

The judgment is reversed and a new trial granted before another referee, costs to abide event.

Present — MULLIN, P. J., TALCOTT and SMITH, JJ.

Judgment reversed and new trial granted before another referee, costs to abide event.