Wight *v.* Warner.

---

Wight *v.* Warner and another.

Inferior jurisdictions, not proceeding according to the course of the common law, are confined strictly to the authority conferred upon them.

The facts necessary to give them jurisdiction must appear affirmatively in their proceedings, and cannot be presumed; but, jurisdiction being acquired, it will be presumed to have been rightfully exercised, unless the contrary appears by error affirmatively shown.

The return of a justice of the peace to a *certiorari* showed that the suit was commenced by writ of attachment, but it did not appear therefrom that any affidavit was filed, or any bond executed, as required by the statute, before the writ was issued. *Held*, that these facts could not be presumed, as they were necessary to give the justice jurisdiction in the case, and that the judgment of the justice for the plaintiff must, therefore, be reversed.

Where a writ of error brings before this Court the record of the Circuit Court, in a case brought before that Court by *certiorari* to a justice of the peace, this Court has no power to require a further return of the justice to the *certiorari*.

Error to Wayne Circuit Court. This suit was originally brought by Wight, against Warner and another, before a justice of the peace, who rendered judgment for the plaintiff, which was reversed by the Circuit Court on the removal of the cause to that Court by *certiorari*. As appeared by the return of the justice to the *certiorari*, the suit was commenced by attachment, issued on the 13th,

and returnable on the 20th of August, 1841, by virtue of which a barn, the property of the defendant Warner, was seized, and the defendants were summoned to answer the plaintiff in a plea of debt.  It did not appear from the return whether any bond was executed, or any affidavit was filed, as required by the statute, (S. L. 1841, p. 85, § 18, p. 83, § 12,) before the attachment was issued.  None were returned, nor was the attachment, or the return thereto showing the manner of its service, set forth.  But the return of the justice stated that, on the return day of the writ, the defendants appeared before him and moved to dismiss the proceedings for want of jurisdiction and for irregularity, and objected : (1.) That no affidavit was filed authorizing the attachment; the affidavit having been subscribed by the plaintiff, and he having sworn that it contained the truth, the whole truth, and nothing but the truth, but the justice not having at the time signed the jurat.  (2.) That the affidavit was not in compliance with the statute.  (3.) That the attachment had not, as appeared by the return thereto, been served in the manner provided by the statute.  (4.) That the statute only authorized proceedings against garnishees.  The justice overruled the motion, and the defendants now contend that the decision of the justice was erroneous, and that the judgment of the Circuit Court ought not, therefore, to be reversed, and that of the justice affirmed, as claimed by the plaintiff.

*H. H. Emmons*, for the plaintiff.

*Van Dyke & Harrington*, for the defendants.

Goodwin, J. delivered the opinion of the Court.

By the justice's act of 1841, it was necessary that an affidavit should be filed, prior to the issuing an attachment, showing a case within its provisions, and also a

bond, (S. L. 1841, p. 83, § 12, p. 85, § 18;) and such was the case under the provisions of the Revised Statutes.

All we find in the return in regard to the affidavit, is what is stated in the defendants' motion making the objections that no jurat was signed, and that the contents of the affidavit were insufficient. It is insisted by the counsel for the defendants, that all the facts necessary to give the justice jurisdiction, must appear affirmatively from his return in order to sustain the proceedings. The plaintiff, on the other hand, contends that error must appear affirmatively, and that the Court will presume all right in favor of the judgment, unless the contrary be shown.

In *Jones et al.* v. *Reed*, 1 John. Cas. 20, it is laid down, that, "It is a clear and salutary principle, that inferior jurisdictions, not proceeding according to the course of the common law, are confined strictly to the authority given them. They can take nothing by implication, but must show the power expressly given them in every instance. The sound rule of construction in respect to the courts of justices of the peace, is to be liberal in reviewing their proceedings as far as respects regularity and form, and strict in holding them to the exact limits of jurisdiction prescribed by the statute." See, also, 1 Caine's R. 593, '4. The principle first above stated is that which is generally applied to the construction of statutes conferring special powers, and is found in all the cases of this class in the books. The latter is the general rule applied in reviewing the proceedings of special inferior jurisdictions, and especially of justices of the peace in civil as well as criminal cases. When the facts upon which they assume to exercise jurisdiction are given, the rule as to holding them strictly within the limits of the power expressly conferred, is strictly applied. The only question is whether, when these facts are not fully given, they are to be presumed,

and the Court, in reviewing their proceedings, is to intend that those existed necessary to give them jurisdiction, until the contrary be affirmatively shown, as, in this case, that there was a regular affidavit, showing a case for an attachment within the statute, and a bond. As to this, it appears to be the general rule applicable to all inferior jurisdictions acting summarily, and not according to the course of the common law, that their jurisdiction must affirmatively appear; that, in the absence of the facts necessary to give them jurisdiction, they cannot be presumed, and that, when they have, by a compliance with the provisions of the statute, acquired jurisdiction, then their proceedings subsequently are to be construed liberally in respect to regularity and form, and error not to be presumed unless made affirmatively to appear.

In *Powers* v. *The People*, 4 John. R. 292, upon *certiorari* to a court of special sessions, the court, in giving their opinion, say : " The principal objection is, that the record does not show sufficient to give the justices jurisdiction." And in conclusion: " It is a salutary rule with respect to inferior courts, that the cause of which they take cognizance should appear to be within their jurisdiction." The conviction was quashed on two objections of this character. See also *The People* v. *Miller*, 14 John. R. 371.

Suppose an action of trespass against the justice and plaintiff in the attachment in this case, and the defendants should set up a justification by plea or notice, and no more should appear therein than appears on the return in this case; would the justification be good? Or, on the contrary, would they not be held trespassers notwithstanding? I think the latter. Suppose a sale of the property to the plaintiff, and in an action in which the title should come in question, these proceedings were set up by the plaintiff as its foundation, and no more should be shown than appears on this return. Would the title be supported? Or,

would not, on the contrary, the proceedings be held wholly void, and the title wholly unsupported? I think the latter. See *Vosburgh* v. *Welch*, 11 John. R. 175 ; *Adkins* v. *Brewer et al.* 3 Cow. R. 206; both actions of trespass in cases of attachment issued by justices.

In *Morse* v. *James*, Willes' R. 122, 128, which was an action of trespass, and justification under process of an inferior court, on demurrer to the plea, Chief Justice *Willes* remarks :—" Nothing is to be presumed in favor of an inferior limited jurisdiction, but what is particularly set forth." And *Johnson*, J. in *Shivers* v. *Willson*, 5 Harr. & John. R. 130, observed that, "No principle of law is more evident, than that when a limited jurisdiction has a course prescribed by statute, that must be pursued, and so appear on the face of the proceedings." In *Thatcher* v. *Powell*, 5 Pet. Cond. R. 28, 6 Wheat. R. 128, Chief Justice *Marshall*, in delivering the opinion of the court, says :—" In summary proceedings where the court exercises an extraordinary power, under a special statute prescribing its course, we think that course ought to be exactly observed ; and those facts, especially, which give jurisdiction, ought to appear in order to show that its proceedings are *coram judice*." In 6 Wend. R. 566, Chief Justice *Savage*, in speaking of the *certiorari* at common law to review the proceedings of inferior jurisdictions, after stating that in such cases, independent of statutory provisions, it does not extend to an examination of their decisions on questions of fact, says:—" It may be, and indeed is necessary for them in their returns to state such facts as are necessary to show their jurisdiction." And again—" In pleading, so much of the proceedings of all inferior jurisdictions must be stated, as will show their jurisdiction; so in making a record of them, which must contain a true history of the proceedings of the court or tribunal itself, it should be shown that it acted in a case

Wight *v.* Warner.

where it had jurisdiction." In this case, if a record were made of the proceedings before the justice, the affidavit, which was the foundation of the whole, would appear in it.

I fully recognize the principle insisted upon by the plaintiff's counsel, that *error* must appear affirmatively from the facts in the return, and we have had frequent occasion to refer to and apply it. As to all matters which are error, strictly speaking, the principle applies and should be strictly adhered to. But I apprehend there is a very material distinction between what are *errors*, merely, and what are defects of jurisdiction. What is necessary to give jurisdiction must fully appear; when that is acquired, it will be presumed to have been rightly exercised, unless the contrary appear by error affirmatively shown.

All the cases cited from the New York reports by the plaintiff's counsel upon this point, are cases where no question of jurisdiction arose, but the errors alledged were in the subsequent proceedings, jurisdiction having been fully acquired ; and they do not conflict with the other cases from the same state where the principle as above stated in reference to jurisdiction, seems to be manifestly recognized.

In this case no affidavit was returned ; and it does not appear from the justice's return that there was one ; and if we take the motion to quash the attachment as it stands in the return, it appears from it, that there was a paper signed by the party and sworn to, but the jurat not signed, and its contents, as alledged, not sufficient to warrant the attachment. Nor does it appear that any such bond was given as is required by the statute as a prerequisite to the attachment. It seems to me, therefore, that for the reasons above stated, the judgment of the Circuit Court reversing that of the justice, must be affirmed.

If the *certiorari* had issued from this Court to the justice, we might, in support of the judgment and of justice, yet

require a further return under our general powers; but this is a writ of error to the Circuit Court, and we act on the record from that court only; and, though that court might have so done, yet, as the case comes to us, it is beyond our powers.

It was said that if the return was imperfect, the party who brought the *certiorari* might have procured a further return to show the defects or errors, if any. But he was at liberty to rely upon it as it was; and it was equally in the power of the party who obtained the judgment, to procure, with the aid of the court below, a return of the proceedings, if they existed, which would show the jurisdiction, and go to support the judgment.

*Judgment affirmed.*