WILCOX *vs.* CLEMENT, treasurer of the village of Saratoga
Springs.

*A* defendant in a justice's court is entitled to judgment of nonsuit if the plaintiff do
not appear within one hour after the time for appearance mentioned in the sum-
mons; and where the justice required him to wait five minutes longer, which he
refused to do, and the plaintiff appeared within that time, and after the defendant
had left, and the justice proceeded with the cause, *held* erroneous.

If the plaintiff had appeared before the defendant had gone away, though after the
hour, or if he were in sight, and approaching, or if the justice were engaged in
other official business during the hour, it would have been regular to proceed in
the cause after the hour had expired. *Per* BRONSON, C. J.

The law partner of one who is the official attorney of a municipal corporation is
not entitled, upon proof of that fact, to appear as attorney for the corporation in a
justice's court.

Although a justice may adjourn a cause where the defendant does not appear, and
there is no issue joined, he cannot hold the cause open for any number of days
from the return of the summons; and where a cause was held open four days
and then tried, the defendant not appearing, *held* erroneous.

ERROR to Saratoga C. P. A justice of the peace issued a
summons requiring Wilcox to appear at the justice's office on
the 9th day of August, 1844, at one o'clock in the afternoon, to
answer Joel Clement, treasurer of the village of Saratoga

Springs, in a plea of trespass on the case. The justice, in his return, states that "at the time and place specified for the return of the said summons, Wilcox appeared a little before the hour of two o'clock, and urged me to call the cause: it lacked a little by my time: he waited until it was two o'clock by my time. I informed him that I had made it a rule to wait five minutes on account of the variation of time pieces, and should wait that time, and if plaintiff did not appear I would dismiss it, but if he did appear I should go on with the cause; he immediately left, and soon after, within five minutes aforesaid, plaintiff appeared by Daniel Shepherd, on oath. Oath made by Daniel Shepherd, as near as I can recollect, was that he was law partner of William A. Beach, who was attorney for the corporation, and he had been spoken to by Samuel Chapman; and declares as follows." The declaration was upon the twenty-third section of the by-laws of the village against nuisances, and the plaintiff claimed to recover a penalty of $10, given by the by-law. After the declaration the return proceeds thus, "Cause held open to the 13th August, 1 P. M., my office. It was not adjourned; and on the 13th August, 1 P. M., defendant was at my office present when said cause was called, but refused to answer." Witnesses were then sworn and examined on the part of the plaintiff; and the justice, afterwards, on the 17th day of August, gave judgment for the plaintiff for a penalty of $10, besides costs. On *certiorari*, the common pleas affirmed the judgment. The defendant brings error.

*A. B. Olmstead*, for plaintiff in error.

*Beach & Bockes*, for defendant in error.

*By the Court*, BRONSON, Ch. J. The first question is, whether the defendant was bound to wait five minutes after an hour had elapsed from the time appointed for his appearance. I think not. The words of the statute are: "Judgment of nonsuit, with costs, *shall be* rendered against a plaintiff—if he

fail to appear on the return of any process, *within one hour* after the same was returnable." (2 *R. S.* 246, § 119.) If the plaintiff had appeared before the defendant left, or if he had been in sight and approaching, and the justice had told the defendant that he was about to call the cause, then it seems that the defendant would have gone away at his peril. (*Baldwin* v. *Carter*, 15 *John.* 496; *Barber* v. *Parker*, 11 *Wend.* 51.) But here, the plaintiff had neither arrived, nor was there any thing to show that he intended to appear; and the justice was not engaged in any other official business. If, under such circumstances, the defendant must, at his peril, wait beyond the hour, the statute is, in effect, repealed. When the law says that the plaintiff shall have but one hour, the justice has no right to say that he shall have sixty-five minutes. If the plaintiff's watch is five minutes behind the true time, he must keep himself five minutes ahead of his watch.

When the authority to appear by attorney is not admitted, it must, in all cases, be proved. (2 *R. S.* 233, § 45.) If Mr. Beach, the corporation attorney, could delegate his authority, it was not proved that he had requested Mr. Shepherd to act for him; and although Mr. Shepherd "had been spoken to by Samuel Chapman," it does not appear that Mr. Chapman had any right to meddle with this matter. The authority of the attorney was not sufficiently proved.

Although no issue was joined, and the defendant did not appear, the justice might, perhaps, have adjourned to a future day; (*Thompson* v. *Sayre*, 1 *Denio*, 175;) but I am not aware of any authority to hold the cause open for four days. On an adjournment to a day certain, the defendant would know when to appear; but if the cause can be kept open for an indefinite period, the defendant could only be sure of being present at the right time by taking up his quarters with the justice until a new movement should be made.

Judgments reversed.