Gird v. Morehouse.

---

WILLIAM GIRD, Plaintiff in Error, *v.* DANIEL MOREHOUSE, Defendant in Error.

*Error to Benton County.*

Under the Statute which required the inferior courts to stay proceedings, and certify a cause to the Circuit Courts, in which a question or issue of title to real estate arose. The County Court failed so to do, and proceeded to final judgment, and defendant appealed to Circuit Court. *Held*, 1. That the judgment in the County Court was not wholly void. 2. That the sending, under certificate, of the cause on appeal from judgment was a substantial compliance with the requisition of statute.

MOREHOUSE sued Gird in the County Court for a balance due on a promissory note. Gird filed an answer in the nature of recoupment, setting up that the note had been executed by him to one Stark for a piece of land, which Stark had sold and conveyed to Gird, representing himself as owner thereof in fee simple, whereas a part of the land belonged then to

another person. Plaintiff below joined issue on the question of title, and on trial in that court, verdict and judgment resulted for plaintiff. Gird appealed, and in the Circuit Court moved to dismiss the case on the ground that the judgment of the County Court was void, that court having no jurisdiction warranting the rendition of judgment on a question involving an issue of title to real estate.

· The motion was overruled by the Circuit Court, and Gird excepted.

*J. Kelsay, Esq.*, counsel for plaintiff in error.

*G. H. Williams, Esq.*, counsel for defendant in error.

PERM, J. Plaintiff in error made no objection in the County Court to its jurisdiction to try the cause; but on verdict and judgment against him he appealed, and in the Circuit Court moved for dismissal for want of jurisdiction in County Court. The refusal of the Circuit Court to dismiss the cause is the error alleged. If the County Court had no jurisdiction of the subject matter, then, on appeal, it would have been proper to dismiss the action; since upon appeal the case stands for trial *de novo*, and if the County Court had no jurisdiction in the first instance, then the Circuit Court had none. The act of 1859, page 10, sec. 10, excepts civil cases from the jurisdiction of the County Courts when title to real estate is in issue; and sec. 23 of same act provides that County Courts shall be governed by the same rules and regulations that govern justices of the peace in similar cases.

The *Revised Statutes, page* 300, *sec.* 54, provide that " in cases where the title to real estate shall be put in dispute by the evidence on the trial before a justice of the peace, he shall make an entry thereof in his docket; cease all further proceedings and certify the cause to the Circuit Court in the same time as *upon appeal.*" The statute then was substantially complied with by the County Court in sending up the

Gird v. Morehouse.

papers and proceedings *on appeal*. The only difference between the proceeding, and the requirement of statute was that the court proceed to judgment, and then sent the case up. Gird contends that the judgment in County Court was void and admitted of no appeal. If so, how was he to prevent its enforcement without reversing it, unless it appeared void upon its face. (*Striker* v. *Mott*, 6 *Wend.*, 465; *Koon* v. *Mazuzan*, 6 *Hill*, 44.) We see no substantial error.

Judgment is affirmed.