## Wayne Circuit Court.

### PETER L. MILES

vs.

### FREDERICK L. SEITZ.

*Forcible Entry and Detainer.*

A party seeking relief by virtue of the proceedings of a court of inferior jurisdiction, must allege in the proceedings facts that show that the court had jurisdiction.

The Court, BROWN J.: The plaintiff in this case having been forcibly ejected by the defendant from certain premises in this city, brought suit against the defendant under the Forcible Entry and Detainer act, and having obtained restitution of the same, now brings an action of trespass for the loss of business and profits, and for damage done to personal property.

In the second count of his declaration, plaintiff sets forth a claim for treble damages under the statutes, Comp. Laws of 1857, Sec. 4997, substantially in the following words: "And for that the said plaintiff hereto-

fore, &c., was in possession of certain premises, &c., and being so in possession the said defendant forcibly entered said premises, and by force ejected said plaintiff and held possession of said premises, and thereupon such proceedings were had by said plaintiff that afterwards, to wit: on the 14th day of February, A. D. 1868, said plaintiff obtained restitution of said premises under Chapter 150, Comp. Laws of this State, "By means," &c.

To this count defendant demurs, because the plaintiff does not state before what court or officer, or between what parties, or in what locality or jurisdiction, or in what form of proceeding or process he recovered possession of said premises.

It will be seen from the statute that the plaintiff can found his claim for treble damages only upon recovery of possession under the Forcible Entry and Detainer act. Now there is no rule of pleading better settled than that a party seeking relief by virtue of the proceedings of a court of inferior jurisdiction, must set forth in his pleadings all the facts necessary to show that the court had jurisdiction in his case. (Burrill's Pr., 279; Dakin vs. Hudson, 6 Cow., 221; Dight vs. Darner, 1 Doug., 388; Bowman vs. Russ et. al. 6 Cow., 234.) Indeed, the New York reports are full of cases in which pleadings have been held defective upon this ground. (4 Abb., N. Y. Digest, 395.)

After the requisite jurisdictional facts are alleged, the general statement "such proceedings were had" is sufficient. As the count in question contains no allegation

showing the name of the officer or court, or any jurisdictional fact, I think it clearly defective, and the demurrer must be sustained, with leave to amend within ten days.

(September 18, 1868.)

*Moore & Griffin* for Plaintiff.

*Levi Bishop* for Defendant.