## AARON G. WESTBROOK v. CALVIN A. BLOOD.

*Justice's court—Right to appear as attorney—Review on certiorari.*

On review of a justice's judgment on certiorari the circuit court is confined to the ground of error set up in the affidavit for the writ of certiorari.

One cannot prove his authority to appear as attorney for a party in a suit before a justice by producing a letter from a third person asking him to appear; nor will the fact that the third person is himself a lawyer be sufficient to give authority if it does not distinctly appear that he is attorney for the party.

The right to object to an appearance as attorney in justice's court for want of authority to do so, is not waived by having demanded a plea before the question of adjournment be considered.

On certiorari to a justice, assigning an error of law, the case cannot be disposed of on the merits as it might be on appeal.

Error to St. Clair. (Stevens, J.)   April 18.—April 25.

ASSUMPSIT.   Plaintiff brings error.   Reversed.

*Geo. V. N. Lothrop* for appellant.   The authority of an attorney to appear must be shown by proof : *Rosekrans v. Van Antwerp* 4 Johns. 228 ; *Beaver v. Van Every* 2 Cow. 429 ; *Benalleck v. People* 31 Mich. 204 ; *Morton v. Crane* 39 Mich. 527 ; *Woodbridge v. Robinson* 49 Mich. 228.

*Avery Brothers* for appellee.

GRAVES, C. J.   Westbrook recovered judgment before a justice of the peace, and the circuit court reversed it on certiorari.   A reversal of the latter judgment is now sought on writ of error.   The circuit court was confined to the ground of error in the affidavit for the certiorari.   *Witherspoon v. Clegg* 42 Mich. 484 ; *Fowler v. D. & M. Ry. Co.* 7 Mich. 79.   And as the case is here shaped, the general question is whether, in view of that ground, it appears that the judgment of reversal is erroneous.

The charges of error in the affidavit are based on a ruling by the justice refusing to allow John M. Robertson to appear and act as Blood's attorney, and the final question is, therefore, whether it occurs upon the record that such ruling involved error.   If it does not, then the circuit court erred, and the judgment given by the justice should be restored.   The statute provides as follows : " Every plaintiff of full age may appear and conduct his suit or defense, either in person or by attorney ; but the constable who served either the original or jury process in the cause shall not appear and advocate for either party at the trial." Comp. L. § 5304.   " The authority to appear as attorney for any party may be either written or verbal ; and such authority shall be proved by the attorney, or other competent testimony, in all cases where requested by the opposite party, or where the opposite party shall not appear." § 5305.

In the case at bar Westbrook appeared personally, attended by his attorney, but Blood failed to appear in person. John M. Robertson presented himself, however, as Blood's attorney, and on the cause being called, solicited an adjournment on Blood's behalf. The plaintiff contended that the declaration must be filed and a plea be put in by Robertson before any adjournment. Upon this the plaintiff filed his declaration, and Robertson pleaded the general issue and reserved the right to demand a jury on the day to which the cause should be adjourned.

At this stage of the case the plaintiff objected that Robertson was not entitled to appear as Blood's attorney and the justice called on him to show his authority. He was sworn, and as stated by the justice in his return, testified that he had no direct authority from said defendant to appear, but showed and read a letter from one Dell C. Huntoon, requesting him to appear and act as attorney in the case for Mr. Blood. The justice decided that this showing was not sufficient to prove that Robertson had authority from Blood.

We discover no error here. Mr. Robertson seems to have relied on Huntoon's letter. But this could have been no more than hearsay at the best, and it was not the evidence which the statute deems necessary. *Fanning v. Trowbridge* 5 Hill 428 ; *Wilcox v. Clement* 4 Den. 160.

A statement appears in the affidavit for the certiorari that when Robertson proceeded to make proof of his authority before the justice he testified that Huntoon, whose letter to him was his immediate authority, was Blood's regular attorney in the cause, and at the close of his return the justice says that " the matters occurring in the cause were substantially as stated in the affidavit."

It is now urged, on the strength of these statements, that the justice adopts the words of the affidavit, and that it hence appears that Robertson proved to the justice that Huntoon was in fact Blood's regular attorney, and was, therefore, competent to empower Robertson. Waiving the question whether his being retained by Blood would enable Huntoon to appoint another attorney, and waiving the

question whether, for the purpose of showing error by the justice, it is competent to regard the equivocal expression in the return as an adoption of this language of the affidavit, it is quite sufficient that the fair import of the whole record is that Robertson had no actual knowledge that Huntoon was Blood's attorney, and no knowledge except such as he obtained from the letter which Huntoon had written to him, and did not profess to have any other. The whole fact rested at last upon Huntoon's letter, which, as to the point before the justice, was mere hearsay.

A further suggestion is made that in calling on Robertson for a plea before considering the question of adjournment, the right to dispute his authority was waived. But the court cannot assent to this position. In the first place, the language of the statute is very broad, and it has a wide purpose to provide for ascertaining with certainty in all cases whether any one assuming to represent another is able to bind him. It would be rash to say that the putting in a plea by one who turns out to have no authority would be sufficient to take away the force of the provision. In the next place, we observe that the whole occurred on the return of process and in the space of a few minutes, and the fact that in order of time the plea was before the objection is of no practical importance. All took place substantially together, and it would be the merest technicality to say that the right to object was lost because the objection was not first started.

It may be here added that the reference in Blood's affidavit to what was said in regard to Huntoon's being attorney is made on information, and is not clear. It would not be going far to read it as representing distinctly that the statement that Huntoon was Blood's attorney was a statement drawn from the letter. Had an appeal been taken instead of the certiorari, the case might have been disposed of on the merits.

The judgment of the circuit court must be reversed with costs and that of the justice affirmed.

The other Justices concurred.