HARRIETT A. KIMBALL v. ELLARY C. CANNON, JOHN W. CANNON AND LEVI H. CANNON.

*Estates of deceased persons—Powers of commissioners on claims—Notice essential to validity of their action—Allowance of set-off.*

Defendants made an assignment for the benefit of their creditors, and among their assets was a certain account due them from the husband of plaintiff, since deceased. Their assignors, without their knowledge, presented said account for allowance, in defendants' names, before the commissioners on claims appointed by the probate court on the estate of said deceased debtor. Plaintiff, as administratrix, filed as a set-off certain notes due the estate from defendants, and the commissioner allowed both claims and found a balance due the estate from defendants of several hundred dollars, to recover which this suit is brought. Defendants had no notice of these proceedings before the commissioners, never authorized them, and never appeared therein, or in any manner assented thereto.

*Held,* that the commissioners had no jurisdiction to take any action or render any judgment, or make any finding or report, which would be valid or binding upon the assignors, who were defendants in said suit. They had never had their day in court, or any notice that their rights were in jeopardy, and never appeared before the commissioners when the proceedings were had, resulting in what is claimed to be, in effect, a judgment against them.

Error to Macomb. (Stevens, J.) Argued January 13, 1886. Decided January 20, 1886.

Assumpsit. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*J. L. Starkweather* and *T. M. Crocker*, for appellant:

The claim allowed in favor of the estate, was in effect a judgment against the claimants, and in such cases the commissioners on claims act judicially: *Fish v. Morse*, 8 Mich. 34; *Clark v. Davis*, 32 Mich. 154–7; *Lothrop v. Conely*, 39 Mich. 757; *Shurburn v. Hooper*, 40 Mich. 504; *Price v. Dietrich*, 12 Wis. 626; *Cossitt v. Biscoe*, 12 Ark. 95, 97; *Swan v. House*, 50 Tex. 653; *Deck's Estate v. Gherke*, 6 Cal. 669.

This judgment could not be attacked collaterally in a suit brought to collect it: *Tate v. Norton*, 94 U. S. 746, 751;

*Carter v. Engles*, 35 Ark. 205. Section 5896, How. Stat., made it the duty of the administratrix to present the notes in offset to the claim presented, and of the commissioners to ascertain and allow the balance against or in favor of the estate, as they shall find the same to be, and this ascertainment is not an idle formality: *Green v. Probate Judge of Eaton Co.* 40 Mich. 244; *Shelden v. Walbridge*, 44 Mich. 252–3; as to extent of jurisdiction of commissioners on claims, see *Secombe v. Railroad Co.* 23 Wall. 108–19; *McCahill v. Equitable Assurance Co.* 26 N. J. Eq. 531, 538; *Granger v. Clark*, 22 Me. 128.

*Dwight N. Lowell*, for defendants:

The object and aim of the probate law relative to claims has primarily respect to the settlement of the estate and not to the litigation of claims: *Probate Judge v. Abbott*, 50 Mich. 285; and the proceedings are special, statutory and limited, and the statute must be strictly followed to give jurisdiction in any case: *Risser v. Hoyt*, 53 Mich. 185. The commissioners on claims, though acting judicially, are not a court, hence those relying upon their action must show every step necessary to confer jurisdiction: *Wright v. Warner*, 1 Doug. 384; *Palmer v. Oakley*, 2 Doug. 476; *Streeter v. Paton*, 7 Mich. 347; *Goodrich v. Burdick*, 26 Mich. 40; *Lothrop v. Conely*, 39 Mich. 757; *Shurburn v. Hooper*, 40 Mich. 503; and such action may be impeached for want of jurisdiction: *Smith v. Rice*, 11 Mass. 513. A want of jurisdiction may always be taken advantage of by the parties whose interests were prejudiced: *Gillett v. Needham*, 37 Mich. 147.

There being no provision of law for the service of notice, or process by the commissioners, the only requirement being publishing and posting same, their action is limited to the adjudication of claims against estates, unless persons voluntarily submit to the jurisdiction by appearing and presenting claims: Cooley's Const. Lim. 404; Herman on Estoppel § 53.

SHERWOOD, J. The record in this case shows that Harvy Kimball died in March, 1878. The plaintiff is his widow, and in May, after her husband's death, she was duly appointed administratrix of his estate. When Mr. Kimball died, he held six notes against the defendants, amounting to about the sum of $1,056.90. The defendants were copart-

ners, doing business at Disco, and had been some time previ-
ous to the death of Mr. Kimball, and he was owing them at
the time of his death about the sum of sixty-six dollars,
being on an account for goods purchased at their store.

The defendants made a general assignment of their property
for the benefit of creditors, in January, 1877.   Commissioners
were duly appointed upon said estate to hear and adjust
claims, and the assignees presented the claim of the defend-
ants for allowance, and Mrs. Kimball presented as set-off the
several notes against the defendants.   The assignees presented
the claim against the Kimball estate to the commissioners,
made out in the *names of the defendants*.   Both claims were
allowed, and the balance due the estate, as found by the
commissioners, was the sum of $990.23; and this amount
was duly certified to the probate court in their report on the
sixteenth day of November, 1878.   The claim against the
estate was thus presented to the commissioners for allowance
by the assignees without the knowledge of the defendants,
and they knew nothing of the finding of the commissioners,
or the making of their report, until a long time after the
same had been filed with the judge of probate, and never
had any notice served upon them of the proceedings in the
matter before the commissioners.

This suit is brought to recover judgment for the balance
thus found due by the commissioners to the estate.

It was conceded upon the trial that the notes were barred by
the statute of limitations, if not merged in the allowance made
by the commissioners; and it appears that this suit was
brought only five days before the statute would run against
the claim, as established by the report of the commissioners.

It was claimed by the plaintiff's counsel, upon the trial,
that the claim as established against the defendants by the
action and report of the commissioners, after it was filed in
the probate court, became in effect a judgment, conclusive
between the parties, and could not be impeached by showing
the facts hereinbefore stated.   The circuit judge held other-
wise, and charged the jury that it was shown by the uncon-
troverted testimony that the defendants in no manner directed

or authorized the presentation of the claim of the defendants against the estate to the commissioners, but that the same was done by their assignees, and without their knowledge; that they were never served with any process in the premises, or with any notice of the action, or proposed action, of the commissioners, and that the defendants never appeared before the commissioners, or authorized any person to appear for them, while the proceedings were pending before the commissioners; and that under the circumstances they had no jurisdiction to take any action, or render any judgment, or make any finding, or report, which would be valid or binding upon them; and directed a verdict for the defendants. These rulings and direction of the circuit judge were right. The commissioners acquired by the proceedings had before them, as appears from the record, no jurisdiction to make the finding and report they did in this case against the defendants. They had never had their day in court, or any notice that their rights were in jeopardy, and never voluntarily, or in any other way, appeared before the commissioners when the proceedings were had resulting in what is claimed to be in effect a judgment against them: *Streeter v. Paton*, 7 Mich. 347; *Shurbun v. Hooper*, 40 Mich. 503; *Lothrop v. Conely*, 39 Mich. 757; *Palmer v. Oakley*, 2 Doug. 476; *Wright v. Warner*, 1 Doug. 384; *Goodrich v. Burdick*, 26 Mich. 40; *Whiteford v. Probate Judge*, 53 Mich. 130; *Gillett v. Needham*, 37 Mich. 147.

We find no error in the record, and the judgment must be affirmed.

CAMPBELL, C. J., and MORSE, J., concurred.

CHAMPLIN, J., did not sit.