[No. 580. Decided January 29, 1889.]

A. L. McCOY AND CON O'BRIEN v. WILLIAM C. BELL.

APPEARANCE—WHAT CONSTITUTES—NOTICE—JUSTICES OF THE PEACE—JUDGMENT—ENTRY—PARTIES NOT SERVED.

Code Wash. T., § 1755, provides that the parties to an action in a justice's court shall be entitled to one hour in which to appear, after the time mentioned in the notice for appearance. Section 72 pro—

vides that "a defendant appears in an action when he answers, demurs or gives the plaintiff written notice of his appearance, or when an attorney gives notice of an appearance for him." *Held*, that a defendant must, in person or by attorney, give notice of his appearance within an hour of the time set for trial, and a mere corporal presence of defendant or his agent at the place of trial, within the hour, is not sufficient.

Code Wash T., § 1781, provides that when a defendant who has been served with a true copy of the complaint and notice fails to appear and plead within the time specified in the notice, or within an hour thereafter, in an action in a justice's court, judgment shall be given without further evidence. *Held*, that where, on the expiration of an hour from the time set for trial, no appearance having been entered for defendant, plaintiff demands judgment, and shortly afterwards persons present object, as agents for defendant, but the justice says, "I will have to render judgment," and refers such agents to § 1781, judgment is entered for plaintiff, which cannot be modified or changed, though after plaintiff and his attorney depart the justice grants defendant a continuance, but enters up the judgment for plaintiff several hours thereafter.

Where only one of two defendants is served with process, it is error to render personal judgment against both, though they are alleged in the complaint to be partners.

*Error to District Court, Whitman County.*

Action before a justice of the peace by William C. Bell against A. L. McCoy and Con O'Brien, copartners doing business under the firm name of McCoy & O'Brien. The justice rendered judgment for plaintiff, which was affirmed by the district court, on *certiorari*. Defendants bring error.

*Doolittle & Pritchard*, for plaintiffs in error.

*E. R. Pickrell*, and *Mark A. Fullerton*, for defendant in error.

The opinion of the court was delivered by

NASH, J.—From the complaint of plaintiff and the statement of account included in answer of defendants it appears that the defendants were copartners doing business in Whitman county, Washington Territory, under the firm name

and style of McCoy & O'Brien. The complaint further alleges that these defendants were copartners jointly indebted to plaintiff in the sum of $39.90. The record shows that service of the complaint was made upon defendants by leaving a copy of the complaint and notice with Con O'Brien, one of said defendants, in Whitman county, Washington Territory, on the 18th day of August, 1887. No other service was made. The time fixed for trial in said notice is the 25th day of August, 1887, at the hour of 10 o'clock A. M. On the return day specified in the notice the plaintiff herein went to the justice's office, and, after waiting for one hour after the time the defendants were cited to appear, and finding that they had failed to appear and plead, demanded judgment against them. To this certain parties who were present and claimed to be the agents of the defendants made objection to judgment being rendered at that time. It fully appears by the record in this case that a full hour had elapsed from the time the parties were required to appear by said notice, and that no pleading of any kind or character had been filed by the defendants in said cause; that the plaintiff at that time demanded judgment, when some colloquy between the parties claiming to be the agents of the defendants ensued in regard to a continuance of said cause; to which, however, the justice answered that he would have to render judgment for the plaintiff therein, and the plaintiff's attorneys thereupon left the office of the justice; that immediately thereafter these parties claiming to be the agents of the defendants prevailed upon the justice, after filing their answer and an affidavit for continuance, to continue said cause; that the papers above mentioned were filed about 15 minutes past 11 o'clock, and, as claimed, the order for continuance was shortly thereafter granted, and the defendants left the justice's court; that about 4 o'clock in the afternoon of the same day the plaintiff's attorney returned, and prevailed upon the justice to

enter up the judgment he had formerly announced that he would render, which judgment is as follows:

"Upon request of plaintiff, judgment is rendered in favor of plaintiff and against defendants for the sum of $39.90, at 11 o'clock in the forenoon on the 25th day of August, A. D. 1887, with costs and disbursements of suit, it having appeared to the court that a true copy of complaint and notice had been served upon Con O'Brien, one of the defendants in said action, at least five days before the time mentioned in the notice for defendants to appear and answer the complaint in this action in Whitman county, Washington Territory. And, said defendant or defendants not having filed an answer or other pleadings or other paper or papers in said action, or appeared in said court in any way up to the hour of 11 o'clock in the forenoon of the 25th day of August, A. D. 1887, it is hereby ordered and adjudged by said court that default be duly entered, and judgment rendered as aforesaid against said defendants."

Execution was issued thereon on the 25th day of August, 1887, writ of *certiorari* prosecuted to the district court, and the following errors assigned in the court below:

"(1) In failing to enter on your docket the fact of the defendant Con O'Brien's appearance in said action and the time thereof.

"(2) In failing to enter on your docket the order of continuance of said action until the 24th day of September, 1887, which order was duly made and announced by you at the time of the appearance of the parties in said action, and in the presence and hearing of the agents of said defendants.

"(3) You erred in rendering a judgment against defendants in said action after you had made an order continuing said action until the 24th day of September, 1887, and after the agents of said defendants had departed from your said court, relying on your said order of continuance.

"(4) You erred in not entering upon your docket the true time of entering said judgment, in this, to wit, that said judgment was given about 4 o'clock P. M. on said 25th day of August, 1887, in fact, and you have entered it in your said docket as having been given at 11 o'clock of said day.

"(5) You erred in entering said judgment without any evidence or proof of plaintiff's claim.

"(6) You erred in rendering any judgment against both of said defendants when said defendant Con O'Brien alone had been served or notified."

And the justice before whom said cause was tried, in obedience to the writ of *certiorari*, returned the following in answer to the allegations of the affidavit therein:

"As to the first ground of error, it is true that I did not enter upon my docket the appearance of Con O'Brien, and it is also true that Con O'Brien did not at any time appear in person, and the agents representing both of the defendants did not appear until 15 minutes past 11 o'clock of said appearance day, at which time they filed the statement returned herewith.

"As to the second ground of error alleged in this affidavit, it is true that I did not enter in my docket the order of continuance of said cause until the 24th day of September, 1887. And it is true that I made such order, and announced the same, but not until after the appearance of the defendants, and after 11 o'clock of said day as above set forth, and after plaintiff had left the court room, and said order was made in the presence and hearing of said defendants' agents. And I will further add that said agents were present before me prior to 11 o'clock of said day, and prior to the time of plaintiff's departure, but did not file any papers in said case until 15 minutes past 11, and I did not know who they were until said time.

"As to the third ground of error alleged in said affidavit the facts are these: At 11 o'clock plaintiff's attorney, finding no papers on file for defendants, arose before me and said: 'I now demand judgment.' To this, shortly afterwards, the said agents, though not known to me at the time to be such, made some objection, and I then said I would have to render judgment, and said agents said they did not think I had grounds for doing so, and then plaintiff and his attorney departed; and then I again said, 'I will have to render judgment,' and referred said agents to ? 1781 of the Code of Washington Territory; and the agents made some objection, and then filed and swore to said statement of account. The said agents also about this time read to me certain sections of the law, and requested me to order the case continued until the 24th day of September, 1887, and

for the purpose of obtaining such continuance they stated to me that defendant McCoy was a very material witness on his own behalf, and could not possibly be present until said date, and in support of said statement filed a telegram and affidavit with me, which are transmitted herewith. I then said, 'I do not know but what I can grant a continuance,' and finally I told them that I would allow a continuance as requested, and marked the envelope containing the papers of the case, 'Continued until September 24, 1887, at 10 o'clock A. M.,' and then said agents departed. About 4 o'clock P. M. of said day the plaintiff's attorney returned to my office and demanded execution, and I told him what had been done in his absence. Said attorney insisted that he had a valid judgment, and told me to consult a disinterested attorney, which I did, and then concluded upon such advice that it was my imperative duty, under § 1781 of the Code of Washington Territory, to render judgment as of the time of 11 o'clock of said day, and then made up my docket entries as shown.

"As to the alleged grounds of error, it is true that I had no evidence of plaintiff's claim other than the complaint.

"As to the sixth ground of error, it is true said judgment is against both of said defendants, and that Con O'Brien alone was served."

These errors are for our consideration in this court. It is conceded that a justice of the peace is a creature of the statute, and the court one of limited jurisdiction. Section 1755 of the code provides: "The parties shall be entitled to one hour in which to make their appearance after the time mentioned in the notice for appearance, but shall not be required to remain longer than that time unless both parties appear; and the justice being present, is actually engaged in the trial of another action or proceeding; in such case he may postpone the time of appearance until the close of such trial." Section 72 of the code thus defines an appearance: "A defendant appears in an action when he answers, demurs or gives the plaintiff written notice of his appearance, or when an attorney gives notice of appearance for him." It will be seen from the foregoing that a mere corporal presence of the defendant or his

agent at the place of trial is no appearance of the defendant. Some act must be performed. He must answer, demur or give the plaintiff written notice; or if attorney appears, he must give notice of appearance. *Steinbach v. Leese*, 27 Cal. 295. Pleadings, however, can be made either orally or in writing, except in certain cases. (Code, § 1757.) But the statute is imperative. He must appear, as heretofore defined, within the hour. And when a defendant who has been served with a true copy of the complaint and notice fails to appear and plead within the time specified in the notice, or within an hour thereafter, it is the duty of the court to enter up judgment without further proof or evidence. The court has no discretion or alternative. It is a duty enjoined by the statute, and the plaintiff can demand it as a matter of right. Code, § 1781; *Wilcox v. Clement*, 4 Denio, 160. And we hold that the justice in this case simply performed his duty, and did render a judgment in this case upon the expiration of the hour. There being no appearance of the defendants, and no pleadings on file in the case, and the plaintiff then and there demanding judgment, no proof was necessary. The demand of the plaintiff stood confessed.

The justice, in his return to the writ, says: "As to the third ground of error alleged in said affidavit the facts are these: At 11 o'clock, plaintiff's attorney, finding no papers on file for defendants, arose before me and said: 'I now demand judgment.' To this, shortly afterwards, the said agents, though not known to me at the time to be such, made some objection, and I then said I would have to render judgment, and the said agents said they did not think I had grounds for doing so, and then plaintiff and his attorney departed, and then I again said, 'I will have to render judgment,' and referred said agents to § 1781 of the Code of Washington Territory." This court holds that this was a rendering of a judgment by the justice, and that he was simply doing what he was required to do by law.

Having performed this duty, he at once lost all control over said judgment. He could neither open it up, change, or modify it. His judicial acts and power over said judgment were exhausted forever the moment he rendered the judgment, and all his acts thenceforward in regard to said judgment were and could only be ministerial. It follows, therefore, that all acts of the justice thereafter in regard to continuing the case, etc., were mere nullities. After he had rendered judgment—as we have held he did do upon the demand of plaintiff—he should proceed within the next three days to enter the same. Code Wash. T., ₴ 1781–1783; *Griffin v. Pitman*, 8 Or. 342; *Dunnagan v. Shaffer*, 48 Ark. 476; Hawes, Jur., § 32. And we find that this was done the same afternoon.

In entering up said judgment, however, the justice committed an error. The defendants are alleged in the complaint to be partners, but only one of them, Con O'Brien, was served. Judgment (personal) was rendered against both defendants. This was error. Judgment could only be rendered against the defendant served. Section 68 of the code provides, however, that where the action is against two or more defendants and the summons is served on one or more, but not on all of them, the plaintiff may proceed as follows: "(1) If the action be against the defendants jointly indebted upon a contract, he may proceed against the defendants served, unless the court otherwise direct, and if he recover judgment, it may be entered against all the defendants thus jointly indebted, so far only as that it may be enforced against the joint property of all, and the separate property of the defendants served." For error in entering up the judgment only, as here set forth, this case is remanded to the district court, with direction to enter up judgment in accordance with this opinion; all costs, however, to be taxed against the defendants (plaintiffs in error here) in this case.

BURKE, C. J., and ALLYN, J., concur.