## COLLINS *v.* GORDON.

ASSIGNMENT OF MORTGAGE—AGREEMENT TO PAY INTEREST—RE-
COVERY.
> Where plaintiff assigned a mortgage to defendant on his agree-
> ment to pay plaintiff accumulated interest out of the first
> interest that should be paid on the debt, and defendant was
> compelled to foreclose the mortgage for nonpayment of in-
> terest, and realized less than the principal sum due, plaintiff
> was not entitled to recover such back interest.

Error to Livingston; Smith, J.    Submitted October 6,
1899.    Decided February 20, 1900.

*Assumpsit* by Addison C. Collins against Thomas Gor-
don, Jr., upon an agreement to pay the accumulated in-
terest on a mortgage.    From a judgment for plaintiff on
verdict directed by the court, defendant brings error.
Reversed.

*Fred H. Warren* and *William P. Van Winkle,* for
appellant.

*Louis E. Howlett,* for appellee.

MONTGOMERY, C. J.    This is an action of *assumpsit,*
brought to recover $241 and interest, claimed to be due
upon the following paper writing:

"$241.00.
"For value received, I promise to pay to Addison C.
Collins the sum of two hundred forty-one dollars, being
the accumulated interest on a certain note secured by
mortgage, given by Peter Pergau and Julia Pergau to
Addison C. Collins and Jane Collins, his wife, for the
sum of five thousand dollars principal, bearing date March
29, 1895, out of the first moneys paid on said note as inter-
est, and out of the first moneys by me collected on said
note as interest, as soon as the same is paid, collected, and
received; which said note secured by mortgage was duly

sold and assigned to me by Addison C. Collins and Jane Collins, his wife, by assignment dated December 3, 1895.
"Dated December 7, 1895.
"[Sgd.]   THOMAS GORDON, Jr."

On the 3d of December, 1895, the plaintiff and his wife sold and assigned to the defendant a note and mortgage for $5,000, given March 29, 1895, by Peter Pergau and wife to said plaintiff and wife, on 200 acres of land in Washtenaw county, Mich. The amount paid by the defendant for the note and mortgage was $4,500, and, in addition, he agreed to pay the further sum of $241 "out of the first moneys paid on said note as interest, and out of the first moneys by me collected on said note as interest." No payments of either principal or interest were ever made on said note and mortgage. May 6, 1896, a bill of complaint was filed by defendant in the Washtenaw circuit court, in chancery, to foreclose said mortgage, wherein it was charged that the premises were a scanty security for the indebtedness represented by the mortgage, that they were so situated that they could not be sold in parcels, and praying that the money realized from a sale of the entire property might be applied towards the payment of the whole amount secured by said mortgage. December 22, 1896, a decree was made ordering a sale of the entire property, and that out of the proceeds the complainant should be paid "the whole amount secured to be paid by the said note and mortgage." August 16, 1897, the property was sold under said decree to the complainant, Gordon (defendant here), who bid $5,000, and received a deed therefor; the commissioner certifying that he paid said amount, less costs, to the complainant by deed. It further appeared that the plaintiff knew the property was advertised to be sold on foreclosure sale, but made no effort to find out when the sale was to take place. Upon the foregoing state of facts the circuit judge directed a verdict for the plaintiff for $265.10 (being $241 and interest from date of foreclosure sale), and judgment was entered accordingly. When the bill was filed, only in-

terest was due. The decree was for the sale of all the premises to satisfy the amount due and to grow due on the mortgage. The sale was for $5,000.

Plaintiff contends, first, that, as the interest only was due, the defendant received the amount of the note in suit on the interest, or, at least, that the plaintiff is entitled to prorate. Defendant contends that the contract was to pay out of money realized, and that he has not received the money, and, further, that, if the purchase of lands be treated as a payment of money, what he received was the principal, and not the interest; that the true intent was that, if the defendant received the principal, and the interest in addition, he was to be liable, but not if he received the amount of the principal only. We think the latter the true construction of the agreement. The transaction indicated that the parties intended that, as a condition to the payment of the undertaking in suit, the maker of the mortgage should make payment of the interest money to grow due, leaving the defendant's security for the principal sum of $5,000 intact. This never occurred. The defendant was compelled to foreclose his security, and has realized much less than the principal sum due. The case is somewhat like *Reed* v. *Northrup*, 50 Mich. 442.

The judgment will be reversed, and no new trial ordered.

The other Justices concurred.