## SCHOFIELD v. POWELL.

(Second Division. Nome. October 20, 1915.)

No. 2630.

1. JUSTICES OF THE PEACE ☞122(5), 130—JUDGMENT—PLEADING.

The plaintiff began a suit in justice court against the defendant herein, made personal service of the summons, and on default took judgment as demanded. After the entry of the judgment plaintiff discovered that statutory notice had not been given to defendant, whereupon he moved the justice court to cancel, annul, vacate, and set aside the judgment so entered as void, and to dismiss the action without prejudice. The justice sustained the motion and entered an order canceling, vacating, and setting aside the judgment as void, and dismissed the action for want of jurisdiction over the person of the defendant. Plaintiff immediately began another action before the same justice, in the same form, against the same defendant, on the same cause of action. The defendant tendered a plea in bar to the second suit. *Held*, the justice had no power or authority to vacate or annul the judgment entered in the first suit, and that judgment is a bar to the judgment demanded in the second suit.

2. COURTS ☞175—JUSTICES OF THE PEACE ☞122(5)—JURISDICTION.

It is a universal rule with regard to courts of inferior jurisdiction, such as commissioners' courts here and justice of the peace courts, that they have no powers except those given them by statute. Neither the statutes of Alaska, nor of Congress, give power to the commissioner's court or to a justice of the peace to set aside or vacate a judgment which it has once entered, and this applies as well to default judgments as to others.

This case comes into this court on appeal from a judgment made and entered in said action by James Frawley, commissioner and ex officio justice of the peace in the Cape Nome precinct, on September 15, 1915, in favor of the defendant (the respondent herein) and against the plaintiff (the appellant herein), dismissing the plaintiff's cause of action and awarding costs to the defendant.

---

☞See same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

It appears from the records and the statements of counsel in open court that upon August 16, 1915, in the same commissioner's court in which this action was afterwards commenced, a certain other action was commenced by the appellant, Geo. D. Schofield, against E. E. Powell, the respondent herein, by filing a complaint in words and figures identical with the complaint filed in this action; that thereupon, upon August 16, 1915, a summons was issued upon said complaint, a true copy of which summons is annexed to and made a part of the answer herein, marked "Exhibit A"; that said summons was delivered to the United States marshal for the district of Alaska, Second division, who afterwards returned and filed the same in said commissioner's court showing a service upon the defendant therein upon August 16, 1915; that on August 21, 1915, after 11 o'clock a. m., or after one hour after the date specified in said summons for the appearance of the said defendant, the said James Frawley, justice of the peace as aforesaid, made and entered in his docket in said action a judgment by default in said action, in words and figures set forth in the answer herein; that defendant never at any time appeared in any way in said action in which said judgment was so entered; that a short time after the entry of said judgment as aforesaid the plaintiff discovering that the statutory notice had not been given the defendant in said action in the summons issued therein, moved the court to cancel, annul, vacate, and set aside said judgment as void and to dismiss said action without prejudice to plaintiff's rights; and that said court sustained said motion and entered an order on the docket in said case, in terms canceling, annulling, vacating, and setting aside said judgment as void, and then and there dismissed said action without prejudice, on the ground that the court acquired no jurisdiction over the person of said defendant on account of the aforesaid defect in said summons.

Upon the trial of the case now before this court in the court below, the defendant therein, being the respondent herein, in his answer interposed a plea in bar to the prosecution of this action, based upon the facts as hereinbefore set forth, to which plea in bar the defendant filed an affirmative reply, setting forth the alleged cancellation of the aforesaid judgment by default, and claiming that the same was null and void, and that the court acquired no jurisdiction over the person of the defendant therein. To this reply the defendant below demur-

red, on the ground that said affirmative reply does not state facts sufficient to constitute a defense to the said further and separate answer and defense setting up a plea in bar, which demurrer was overruled by the court below.

G. B. Grigsby, of Juneau, and W. A. Gilmore, of Seattle, Wash., for appellant.

Ira D. Orton, of Seattle, Wash., and O. D. Cochran, of Nome, for respondent.

TUCKER, District Judge. It may be conceded from the authorities cited by counsel for respondent that the default judgment entered by the commissioner is voidable only for error in the service of the writ, and not void, on the ground that the statutory notice was not given as provided in section 1780, Alaska Code, and that, unless the commissioner had the power to set aside or vacate the default judgment, said judgment may be set up in bar of the second action brought by the appellant in the commissioner's court, and that the commissioner erred in overruling the demurrer filed by the respondent herein, and that his action should be reversed and the demurrer sustained by this court. Kerr, Sheriff, etc., v. Murphy, et al., 19 S. D. 184, 102 N. W. 687, 69 L. R. A. 499, 8 Ann. Cas. 1138; Gird v. Morehouse, 2 Or. 53; Lindsay v. Tansley, 63 Hun, 635, 18 N. Y. Supp. 317; American Digest, Century Ed. vol. 31, p. 1182.

The respondent herein demurs to the appellant's reply, which admits the allegations thereof that the commissioner did in fact attempt to set aside and vacate the judgment by default on the same day that the said judgment was entered, and upon an examination of the trial book in the commissioner's office I find that he did mark or write across the entry of the judgment, on the same day on which the same was entered, that the same was set aside or vacated. The question for this court now to determine is whether or not the commissioner had the power by statute or otherwise to set aside or vacate said default judgment. I have made the most diligent search to find some authority that would justify this court in sustaining the action of the commissioner, because of the otherwise hard rule and its application in this case. It is the universal rule with regard to courts of inferior jurisdiction, such as commissioners' courts here and justice of the peace courts,

that they have no powers, except those given them by statute. The statutes of Alaska give no power to the commissioner's court to set aside or vacate a judgment which it has once entered, and this applies as well to default judgments as to others. It is impossible to read the exhaustive articles on judgments and justices of the peace in volumes 23 and 24 of Cyc. (see particularly 24 Cyc. p. 596 et seq.), and the numerous cases therein cited, many of which I have examined, without arriving at the irresistible conclusion that the rule denying the power to set aside its judgments to justices of the peace, in the absence of a statutory provision therefor, is wellnigh unbending and without exception, if not wholly so.

It may be true that the application of the rule may work a hardship in some cases; but we must admit its wisdom as applied to courts of inferior jurisdiction, and the courts have so approved it, leaving to the legislative discretion the advisability of changing or loosening it up. While I have not found any case which stands precisely on all fours with the case at bar, in that the judgment was actually entered and attempted to be set aside on one and the same day, the courts and the text-writers appear to agree that when a complete judgment is once entered, or even announced, the door is closed from that moment against its being again opened.

The case of McCoy et al. v. Bell, 1 Wash. 504, 20 Pac. 595, comes nearer expressing the unbending nature of the rule, and is like the case at bar in this respect that the judgment and a motion for a continuance were made and entered on the same day. The court said in this case:

"The justice, in his return to the writ, says: 'As to the third ground of error alleged in said affidavit the facts are these: At 11 o'clock plaintiff's attorney, finding no papers on file for defendants, arose before me, and said "I now demand judgment." To this, shortly afterwards, the said agents, though not known to me at the time to be such, made some objection, and I then said I would have to render judgment and the said agents said they did not think I had grounds for doing so, and then plaintiff and his attorney departed, and then I again said, "I will have to render judgment," and referred said agents to section 1781 of the Code of Washington Territory.' This court holds that this was a rendering of a judgment by the justice, and that he was simply doing what he was required to do by law. Having performed this duty, he at once lost all control over said judgment. He could neither open it up, change, or modify it. His judicial acts and power over said judgment were exhausted forever the moment he rendered the judgment, and all his acts thence-

forward in regard to said judgment were and could only be ministerial. It follows, therefore, that all acts of the justice thereafter in regard to continuing the case, etc., were mere nullities. After he had rendered judgment—as we have held he did do upon the demand of plaintiff—he should proceed within the next three days to enter the same."

See Griffin v. Pitman, 8 Or. 342; Dunnagan v. Shaffer, 48 Ark. 476, 3 S. W. 522; Hawes, Jur. § 32.

The case of McCoy et al. v. Bell, supra, in its essential facts and the language of the court in the opinion, illustrates the undeviating view taken and the tenacity with which the courts and text-writers generally have held to the rule that an inferior court cannot go beyond the statutory powers under which it acts. For these reasons, the demurrer is sustained, and an order may be entered in accordance with this opinion.